Myers Stern, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. Where, on the trial of a charge of permitting a minor to play billiards without the consent of his parents or guardian, there was proof going to show that the defendant honestly thought the minor was of full age: *Held*, that it was error to find the defendant guilty simply because the proof was positive that the young man was, in fact, a minor, without regard to any evidence going to show an honest mistake, after proper caution, by the defendant.
2. In such a case it is not an absolute requirement of law that inquiry shall be made of the parent or guardian.

Criminal law. Mistake. Minors. Before Judge Rice. Clarke Superior Court. February Term, 1874.

Myers Stern was tried at the November term, 1873, of the county court of Clarke county for the offense of allowing a minor, Frank Talmadge, to play at billiards without the consent of his parent or guardian. The evidence made out a *prima facie* case for the state, but for the defense it was shown that Stern, before allowing Talmadge to play on his table, had inquired as to his age and had been informed by said minor

that he was an adult; that he appeared to be over twenty-one years of age, and that he was, in fact, within six months of maturity at the time that he indulged in the aforesaid game.

The county court refused to consider this testimony, holding that upon proof of the playing of the game with the knowledge of the defendant, of the minority of Talmadge, and of the absence of the consent of his parent or guardian, conviction was the inevitable result.

The case was carried by *certiorari* to the superior court, where the judgment of the county court was affirmed, and defendant excepted.

T. W. Rucker, for plaintiff in error.

Emory Speer, solicitor general, by W. B. Thomas, for the state.

McCay, Judge.

1. We agree with the counsel for the plaintiff in error that the county judge did not take a proper view of the law on the trial. To make a crime, there must be the union of act and intent, or there must be criminal negligence. It is not conclusive evidence of guilt on the part of the defendant that he permitted this young man to play at his table; that the young man was, in fact, a minor, and that the parent did not consent. These facts, it is true, make a *prima facie* case, and if they stood alone, the guilt of the defendant would be manifest; but evidently there was evidence of another element in the case, which, by the return of the county judge, is shown not to have been considered by him in arriving at his conclusion. There was evidence going to show that the defendant might have been honestly mistaken as to the age of the young man. It is clear to us that if the defendant, after due diligence, thought honestly that this young man was not a minor, he is not guilty. If he did so think, after proper inquiry, the element of intent does not exist; the act was done under a mistake of fact. In such a case, there is no guilt and no

Stern *vs.* The State of Georgia.

crime. This is the doctrine of all the books, and is, besides, common sense and common justice.

2. Nor is there anything in the nature of this offense which alters the rule. If one who shoots down his dearest friend by mistake, supposing him to be a dangerous wild beast or a burglar, is not guilty of any crime, surely one who permits a minor to play billiards without the consent of the parent, under the honest belief that he is not a minor but of full age, is not guilty. In both cases, however, to excuse the guilt there must be no want of proper caution on the part of the accused. He must have used due diligence, according to the circumstances and the nature of the case. But if he do this, and the evidence show that after such caution he is still honestly mistaken, he is not guilty. We are not prepared to say that the evidence here is *conclusive* of an honest mistake. We do not say that the defendant was bound to have inquired of the parent. That would depend on his accessibility, and on the strength of the other circumstances indicating full age. It is impossible to lay down any general rule. Each case must depend on its own nature and circumstances. From the very nature of this offense special diligence is necessary. Everybody knows that there is uncertainty in such cases, and as the law has made the age of any billiard-player important, even in spite of this liability to mistake, every saloon keeper should act in view of the fact that he is dealing with an uncertain thing. The man who throws a heavy weight from the top of a building is bound to a greater caution if he does it in a city or town, and into a street, than if he does it in the country, and into a little traveled road. As we have said, we do not think this evidence establishes conclusively that the defendant was honestly mistaken. We incline to the opinion of Judge Rice that there is some evidence to justify the finding, and had this conviction been by the verdict of a jury, under a legal charge as to the law, we should hesitate to disturb it. But the record shows the county judge did not consider the question of intention; he acted on the idea, that as the proof was clear of minority, the law had been violated,

whatever might have been the honest opinion of the defendant. He held him to be bound to inquire of the parent—nay, on the general rule be acted on, he, perhaps, would have found him guilty if he had inquired of the parent—had the parent, either by mistake, or untruthfully, answered that the son was of age. It appears, therefore, that on the trial of this case, the judge, who acted as judge and jury, mistook the law, did not consider the evidence going to show an honest mistake, after due caution, and we send the case back to be tried again under a proper view of the law, to-wit: the defendant is not guilty, if, under all the circumstances, he honestly thought the young man not to be a minor, and the diligence required is that reasonable diligence which, in view of the nature of the case, a good citizen and prudent man would use.

Judgment reversed.