### LOEB *vs.* STATE.

SELLING LIQUOR TO MINOR, FROM MUSCOGEE.   Criminal Law.   Liquor.   Scienter. Indictment.   Minors.   Jury and [Jurors.   Evidence.   (Before Judge Willis.)

Hall, J.—1.  Section 4540 (a) of the Code *ex vi termini* makes all persons connected with the sale of retailing of spirituous, intoxicating or malt liquors, responsible whenever a minor is furnished therewith, unless they have written authority from the parent or guardian of such minor; and it matters not whether the proprietor sells or furnishes the liquor directly by himself, or it is furnished by another in his employment, whether he was present or not, or knew of the fact, or consented to it, he is, under this act, guilty of criminal negligence, and is, on that account, liable to prosecution.  His offense is complete, whenever it is shown that intoxicating drink was sold or furnished to a minor by any one acting in his place of business in any capacity whatever, either as clerk, bartender or otherwise.   69 Ills., 601;  Code, §§4292, 4302;  99 Mass., 6; 6 Bush (Ky.), 400; 24 Mo., 60; 93 Conn., 397.

(a.)  It would be better practice to set out in several counts in the indictment, so varied as to meet the different phases of each case, that the proprietor sold and furnished, or where this was done by another, that he sold and furnished, and caused to be sold and furnished, and permitted such other person, being in his employ as clerk, bartender, or in other capacity, to sell and furnish a minor with spirituous liquors, etc., without the written authority of the parent or guardian of such minor.

(b.)  While fuller proof would be advisable, yet where it was shown that a minor obtained liquor at a retail shop on various occasions, without saying in terms that he bought it, this might be inferred.

(c.)  Though the offense is not stated in the indictment by employing all the terms and language used in the section of the Code on which it is based, but only a portion of them, yet it does set forth the offense so plainly that its nature may be easily understood by the jury, and is sufficiently technical and correct.   It is not necessary, in such an indictment, to allege a scienter.  69 Ills., 601, S. C. 1 Hawley Am. Cr. R., 471 ; Code, §4292.

(d.)  Similar crimimal enactments compared and contrasted.  Code, §§4575, 709, 4540 (c), 4539, 4540, 4292, 4302.

(e.) This law against selling liquor to minors can be rendered efficacious only by a rigid enforcement. It differs from, and is more stringent than, the law against allowing minors to play billiards without written consent. The burden of discovering the age of the minor and whether he is a minor, rests upon the vendor. 53 Ga., 229; 56 Id., 601; 66 Id., 130; 49 Ala., 21.

2. It furnished no ground of objection to the indictment that the name of the clerk who, it was alleged, made the sale, was not set out in the indictment.

3. That a grand juror is more than sixty years of age does not render him incompetent, or invalidate an indictment found by a grand jury of which he is a member. Carter vs. State, (present term).

4. Section 3938 of the Code, renders petit jurors incompetent to serve more than four weeks in one year, but there is no such restriction as to grand jurors. The act of 1883, disqualifying them from acting as talesmen for that reason, was repealed by the act of December 22, 1884.

5. If it was error not to exclude the testimony of the Collector of Internal Revenue, that he issued a retail license to a firm of which the defendant was a member, it was immaterial error, as that fact was fully established by other testimony.

6. The private instructions of the proprietors to the clerks and barkeepers in relation to selling to minors, were incompetent and irrelevant testimony, and were properly rejected from evidence.

7. The verdict was demanded by the law and evidence.

Judgment affirmed.

McNeill & Levy; W. A. Little, for plaintiff in error.

Thomas W. Grimes, Solicitor General, by John Peabody, for the State.