113　705
119　219

</div>

## BRYCE *v.* THE STATE.

1. Under section 220 of the Penal Code a tenant placed in possession of land by the owner is authorized to forbid a trespass upon the land by another.
2. The words "cultivated land" in this section are not intended to apply to such land only as at the time has growing crops upon it. If it is actually prepared for a crop, or if it has been used for growing crops and the owner intends to again devote it, in due season, to such use, a trespass upon it may be punished under this section.
3. The evidence warranted the verdict, and there was no error in refusing to grant a new trial.

Argued June 17,—Decided July 17, 1901.

Accusation of trespass. Before Judge Nottingham. City court of Macon. May 18, 1901.

*Roland Ellis, Minter Wimberly*, and *D. W. Rountree*, for plaintiff in error. *William Brunson*, solicitor-general, contra.

SIMMONS, C. J. The record discloses that Bryce was accused under the Penal Code, § 220. Mrs. Sheffield, the prosecutrix, and Bryce, the defendant, claimed certain land under deeds made by a common grantor. The prosecutrix claimed she had no notice of the deed to the defendant when she purchased the land. The defendant's statement and evidence tended to show that she did have such notice. The evidence for the State was to the contrary, and also showed that Mrs. Sheffield and her immediate grantor had lived upon the land for nearly seven years before the trespass complained of was committed. Just prior to the time of the trespass she removed from the land and placed her daughter in possession. While the daughter was in possession she forbade the defendant to trespass or go upon the land. Subsequently the daughter left the place, putting another family in possession. While this family was in possession the defendant entered the house and put a tenant therein, and this tenant, under the direction of the defendant, sowed the land in

45

oats and plowed in the same. This land was uninclosed and had no crop growing upon it at the time of this trespass, which was in December. It had, however, for several years been used as a garden, and vegetables had been grown upon it the preceding season. Under this state of facts, the defendant was found guilty by a jury in the city court of Macon. He moved for a new trial, and the motion was overruled. To this he excepted. The principal grounds insisted upon by counsel for the plaintiff in error here were, first, that the owner of the land did not give personal notice to Bryce to keep off of the land until after the trespass had been committed, and that the daughter, left in possession by the owner, was not authorized to give the notice required by the code; and, second, that the judge erred in charging as to the meaning of the words "cultivated land" as used in the section of the code under which the defendant was convicted.

1. The defendant was accused under the Penal Code, § 220, which is as follows: "If any person shall willfully enter, go upon, or pass over any field, orchard, garden, or other inclosed or cultivated land of another, after being personally forbidden so to do by the owner or person entitled to the possession for the time being, or authorized agent thereof, he shall be guilty of a misdemeanor." It will be observed that this section provides that any one of three classes of persons may give the requisite notice: the owner, the person entitled to the possession for the time being, or the authorized agent. The evidence shows that the owner did not give the notice until after the trespass had been committed, but it also shows that her daughter, left by her in possession of the premises, did while in possession forbid Bryce's trespassing upon the land. We think the notice by the daughter was sufficient, under the statute. She was entitled to the possession at the time she gave the notice, for the owner of the premises had placed her there. She was a tenant and it was her duty to protect the premises from trespass, and, when it was necessary to their protection, to give the notice required under the code. It would have been a breach of her duty as tenant to sit by and see trespass committed upon the property in her possession without taking any steps to prevent it. Moreover she was while in possession the authorized agent of the owner to protect and preserve the property. As such agent she had full authority to give the notice required under the code. It is true

that, according to the evidence, the trespass was not committed until after the daughter had left the place; but it also appears that, before leaving, she took the precaution to put a family in the house, who held the same for her and for the owner. We think the notice given by the daughter of the owner was a compliance with the terms of the statute.

2. The judge charged the jury, in substance, that the words "cultivated land," as used in this section of the code, did not mean that the land must have crops growing upon it at the time the trespass was committed. There was no error in this charge. To restrict these words as contended for by counsel for the plaintiff in error, so that no trespass would be punishable under this section unless committed upon lands upon which crops were actually growing, would be too narrow a construction,—would, indeed, be narrower than the plain language of the code. These words evidently include, not only land upon which crops are growing, but also land actually prepared and ready for a crop and land which has been used for growing crops and which the owner intends again to devote, in due season, to such use. According to the evidence in the record, the land here in question was an uninclosed garden which had been in cultivation continuously, in the proper season, for six or seven years. The construction contended for by the plaintiff in error would allow any person to go upon the uninclosed lands of another, at a time when the crops had been gathered, and commit any sort of trespass, although he had been fully notified beforehand and forbidden to enter upon the land. He might cut ditches, make roads, sow grain, or do anything else he desired, against the will of the owner, and still be exempt from punishment under this section. Such a construction would, in our opinion, be clearly erroneous.

3. It was contended that the verdict was contrary to the evidence, because it was shown that the prosecutrix purchased the land with notice of the deed under which the defendant claims. The charge of the judge was sent up in full in the record, and we find from reading it that he submitted this question fairly to the jury. The jury believed the prosecutrix, who testified that she had had no such notice. She was contradicted in part by one of the defendant's witnesses and by the defendant's statement; but the jury passed upon this disputed question of fact, and the trial

judge approved their finding. There was evidence to support that finding, and there was, therefore, no error in refusing a new trial.        *Judgment affirmed.   All the Justices concurring.*