## MILEY v. THE STATE.

In a prosecution under the Penal Code, § 673, for encumbering personal property held under conditional purchase, it is necessary to show that the mortgage was given "with intent to defraud the vendor," and if the mortgagor was ignorant of the fact that the title had been reserved, he could not properly be convicted of the offense.

Submitted June 15, — Decided July 1, 1903.

Indictment for selling property held under conditional sale. Before Judge Griffin. City court of Valdosta. May 1, 1903.

*O. M. Smith,* for plaintiff in error. *S. M. Vardedoe, solicitor, A. T. Woodward,* and *W. E. Thomas,* contra.

LAMAR, J. Miley was found guilty, under Penal Code, § 673, of giving a mortgage on personal property held by him under a conditional bill of sale. He claimed that when he bought nothing was said about reserving the title; that he signed the note without reading it, being at the time drunk (though the seller had nothing to do with giving him the liquor) and in ignorance of the fact that title was reserved; that his credit was good; that he had bought other property on the same day from another party without security or reservation of title; and that he mortgaged the property to Ashley in good faith, and with no intention to violate the law. It appeared that the note was long, and in fine print; defendant claiming also that his eyesight was bad, and that he "did not have his spectacles" when the paper was signed. The jury, after being out some time, returned to the court-room and asked the judge to charge them again as to the effect of defendant's ignorance that title had been retained; whereupon he instructed them as follows: "If you believe that the defendant was ignorant of the fact that the title to the property was reserved in the seller, then you should look to the evidence in the case and see whether there was practiced on the defendant by the prosecutor any fraud, or whether there were any other circumstances connected with the transaction that would excuse his ignorance." Error is assigned on this charge, and also on the failure of the court to instruct the jury that "if you believe that the defendant was ignorant of the fact that title to the property was retained in the seller, then you should find him not guilty."

We think there should be a new trial. The charge of the court was applicable to a civil case. But if the defendant believed that he had perfect title when he executed the mortgage, if he did not know that the note reserved title in the vendor, then the mortgage could not have been made with criminal intent. Penal Code, §§ 31, 32. Nor could it have been "with intent to defraud," which is expressly made an element of this crime by the provisions of the Penal Code, § 673. This is not an infringement of the rule that drunkenness is no excuse for crime. Penal Code, § 39. For, so far as the evidence shows, the defendant may have been perfectly sober when he mortgaged the property and at the time the offense was alleged to have been committed. The fact of ignorance may have been due to the failure to read the note, or inability to read on account of being drunk, or because it was signed carelessly or under circumstances which may have made him civilly liable and unable to defend in an action of trover based on the note. But ignorance, however occasioned, was a fact to be considered in determining whether there was criminality and intent to defraud when the lien was created. In civil cases where the purpose of the law is to afford one party a right to compensation for injuries done, the motive is not ordinarily important except in aggravation or mitigation of the damages. Civil Code, § 3906. But in penal statutes aimed at the intentional wrong-doer, or against one who acts with criminal negligence (Penal Code, §§ 31, 115, 64), the intent is an essential element of the crime; and if the act and consequences be shown, and it appears that the party charged was too young or too feeble-minded to be able to have an intent, a crime would not exist. So too where the intent is absent because of a want of knowledge and the act is not criminally negligent. In the case here it is contended that the plaintiff in error was negligent in signing the note; but the crime does not consist in signing the note, but in executing a mortgage with intent to defraud the vendor. He insists that he did not know that the title to the property was in the vendor at the time he executed the mortgage. It is legally impossible to commit a larceny if the party prosecuted in good faith believed the chattel to belong to himself. *Causey* v. *State*, 79 *Ga.* 566. By the very terms of the statute under which this proceeding was had, no offense could be committed unless it was done with intent to defraud. The jury should have been so instructed. A pretense of

ignorance will, of course, afford no protection.    It will be for the jury, in each case where such a defense is set up, to determine whether his claim of ignorance was real or intended merely as a subterfuge; but should they find from the evidence that there was an honest belief of ownership, and that the mortgage was given with no intent to defraud, the statute pronounces no judgment against the defendant, and remits the holder of the note to the action of trover, or to other civil remedy.    Ignorance of law is no excuse, but ignorance of fact may be.    *Stern* v. *State,* 53 *Ga.* 231; *Loeb* v. *State,* 75 *Ga.* 263; *Jenkins* v. *State,* 93 *Ga.* 1; *Cody* v. *State,* 69 *Ga.* 743 (2a).            *Judgment reversed.    By five Justices.*