### WIGGINS *v.* THE STATE.

1. One bona fide claiming to be the true owner and entitled to the possession of land can not be convicted of trespass under the Penal Code, § 220.
2. An agent who bona fide believes that his principal is the owner and entitled to the possession of land can not be found guilty of violating the Penal Code, § 220, if he goes upon the premises in obedience to the directions of such principal.
3. This section does not apply to open or uncultivated real estate.
4. The verdict was contrary to law, because the evidence wholly fails to show that the land was enclosed or cultivated, as charged in the accusation.

Submitted November 16, — Decided December 12, 1903.

Accusation of trespass.    Before Judge Adams.    City court of Dublin.    October 13, 1903.

Wiggins was accused of trespass, in that he "did . . wilfully enter, go upon, and pass over the enclosed or cultivated land of another, after being personally forbidden so to do by Mary Hamilton, she being entitled to the possession at the time being." From the evidence it appeared that Jenkins bought at sheriff's sale an undivided half interest in Mrs. Hamilton's land, and contracted for the sale of the half interest to her.    She executed two

notes to him for the purchase-money, and he executed a bond conditioned to make title to her on payment of the notes. The bond contained a provision that "if said notes are not paid at maturity, the above bond herein is void and the sale declared off." The notes matured and were not paid. She signed two other notes to Jenkins, which purported to be for rent of the Hamilton place, one of which she paid. The other was not paid, and Jenkins sued out a distress warrant against her for rent of this property. He filed a petition for partition of the property, and there was a return by the partitioners " finding one half " of the property for him; to which Mrs. Hamilton filed objections. Afterwards Jenkins directed Wiggins to go on the land in question and plow it for him, and while Wiggins was at work there Mrs. Hamilton ordered him away and told him he must stay off the premises. He told her that Jenkins had sent him there to work, and he refused to leave. The next day, he came back to work there, and she instituted this prosecution. She testified that she could not read, and did not know of the provision in the bond for title to the effect that it should be void if the purchase-money notes were not paid; and that she supposed the rent notes were for interest. Jenkins and the attorney who prepared the papers testified that they were read to her, and that she understood the transaction. There is no evidence that the land was enclosed. Mrs. Hamilton referred to it as her " field," but further than this, and her statement that Wiggins went to work there and " kept coming and working," there is no evidence as to its cultivation.

*William Faircloth*, for plaintiff in error.
*B. B. Blount, solicitor*, contra.

LAMAR, J. In order to quiet possession until final trial on the merits, and to prevent a breach of the peace, which might result if one should take the law in his own hands, and attempt to enforce his own rights, the Civil Code, §§ 4823–4826, provides the remedy relating to forcible entry and detainer. A prosecution under the Penal Code, § 220, is not intended as a substitute therefor, nor to serve the office of an action of trespass to try title. On the other hand, it is not necessary that the prosecutor should have perfect title in fee simple, in order to avail himself of the protection afforded by the Penal Code, § 220. Even possession is

sufficient title to sustain an action of ejectment against a mere trespasser.    One "entitled to the possession for the time being" is entitled to the undisturbed enjoyment of such right, and, regardless of who is the true owner, one not entitled to the possession may be convicted of a misdemeanor for going on the land in disregard of the statutory notice, if the other elements of the offense appear.    This section defines a crime in which a conviction can only be sustained where there is a union or joint operation of act and intention.    Penal Code, § 31.    If it appears that the defendant went upon the land in the bona fide belief that Jenkins was the owner and had the right to send him there, his mistake, if it was a mistake, ought not to be punished as a crime.    *Miley* v. *State*, 118 *Ga.* 274; *Hateley* v. *State*, 118 *Ga.* 79.    There is nothing to indicate that the laborer intended to violate the law, or to willfully trespass on the lands of another.    He acted in obedience to the order of his employer, who actually had a deed to the land, and who insisted that Mrs. Hamilton's right of possession under the bond for titles had terminated.    If there was a bona fide entry under claim of title and right of possession in Jenkins, there would be no violation of the statute, which only applies to those who willfully disregard the notice given by the true owner, or by the one entitled to possession for the time being.

But assuming that the prosecutrix was entitled to the possession, that she gave notice to the defendant not to go on the land, that he willfully disregarded the notice, and committed a trespass with intent to violate the law, the evidence wholly fails to show that the land was cultivated or enclosed.    He was not charged with going into or passing over a "field;" there is no description of the land on which the trespass is alleged to have been committed; nothing to show whether it was pasture, woodland, or waste land; nothing to indicate that there was any fence or enclosure around it; nothing to show that it had ever been cultivated, or that the prosecutrix ever intended to cultivate it.    The unlawful act of the defendant in "working" or "cultivating," the day before the notice, would not of itself make the land cultivated within the meaning of the code; or even if an act of trespass could give it that character, there is no evidence as to what part of the place was worked by the defendant on the day of the trespass for which he is prosecuted, nor what kind of work he then was doing,

whether cutting down trees, splitting rails, digging ditches, tilling the soil, or doing agricultural work of any sort. No question was made as to the sufficiency of the indictment, but the evidence does not sustain the charge made. The verdict is contrary to law, and a new trial should be granted. *Murphy* v. *State*, 115 *Ga.* 201; *Bryce* v. *State*, 113 *Ga.* 705.

> *Judgment reversed. All the Justices concur.*