4366.    TYLER *v.* THE STATE.

No error of law was committed, and the conviction was supported by evidence.

DECIDED OCTOBER 22, 1912.

Accusation of trespass; from city court of Ocilla—Judge Oxford. July 30, 1912.

*Newbern & Meeks,* for plaintiff in error.

POTTLE, J. The accused was convicted of violating § 217 of the Penal Code, in wilfully entering the cultivated land of McClelland, the prosecutor, after having been forbidden by him to do so. It appears that McClelland owned some vacant city lots. Tyler requested permission to sow the lot in oats. According to McClelland, he gave Tyler permission to sow the lots in oats, with the understanding that if the lots were "sold or traded" he would have to immediately surrender possession. Nothing was said about the payment of rent, but it is inferable, from what McClelland testifies, that no rent was to be paid. The accused claims that he understood the lots were rented to him, and that he was to surrender possession only in the event the prosecutor sold the lots and the purchaser desired possession. After the oats were up and growing, McClelland gave Paulk the use of the lots, in exchange for the use of an acre of ground owned by Paulk. Paulk's chickens destroyed some of the oats, and, after they were cut, Tyler, over McClelland's objection, planted the lots in sorghum. Before the sorghum was planted McClelland and Tyler had a conversation in which McClelland told him not to put anything else on the lots, and Tyler stated that if the chickens ate his oats he would sow the lots in something.

Complaint is made that the court submitted to the jury the question of tenancy or no tenancy, and the question as to what was the real contract between the parties, and failed to charge that if the accused went upon the land in good faith, honestly believing he had a right to sow the sorghum, he would not be guilty. If the accused can rely on good faith, an inference thereof arises only from his statement; and since there was no request for an instruction relative to good faith, failure to so charge can not be held to be error. The accused can not justly complain that the court charged that if he rented the land for an indefinite term, the law would imply that the term continued to the end of the calendar year. The accused did not claim that he had a general contract of tenancy, but claimed only that McClelland gave him permission to sow the lots in oats and hold possession until the lots were sold. McClelland says he reserved the right to trade or sell. This issue was settled against the accused. If, under the contract, McClelland had a right to "trade"

the lots, this would include the right to make the exchange with Paulk. But, under any view of the evidence, Tyler's right to the lots ceased after his oats were removed from the lots. He had no right to a further use of the land to raise a crop of sorghum. He could not recoup any damage he sustained from the loss of the oats by raising a crop of sorghum, over the objection of the owner. His original entry was lawful, but his re-entry after the oats were cut and after having been forbidden to do so was unlawful. The land was cultivated land, within the meaning of the statute. *Bryce* v. *State,* 113 *Ga.* 705 (39 S. E. 282). It is unfortunate that neighbors should appeal to the criminal courts to settle their petty quarrels, but juries of the vicinage must judge between them. If there is enough evidence this court can not interfere, unless errors of law are committed.                    *Judgment affirmed.*