### 23526. JENNINGS v. THE STATE.

DECIDED NOVEMBER 27, 1933.

*Ed Wohlwender Jr., George C. Palmer,* for plaintiff in error.
*B. H. Chappell, solicitor,* contra.

GUERRY, J. ■ The defendant was charged with wilful trespass on the lands of W. Mercer Morris, under section 217 of the Penal Code of Georgia (1910), in that, he "did then and there, unlawfully and with force and arms, wilfully enter, go upon and pass over the uninclosed posted cultivated land of W. Mercer Morris, after being personally forbidden to do so by the owner," etc. The pertinent part of the testimony of the prosecutor was as follows: "I saw the defendant leave the public road and enter on my premises, and when I saw him he was walking down a sort of a path which was near the side of a creek and on the side of the field which was under cultivation. He did not pass over any ground that had ever been plowed or had ever been under cultivation. . . The property was uninclosed." Without question, this evidence, which was the only evidence for the State, does not show that the land upon which the defendant was seen walking was "cultivated land," as construed by both of our courts of review. In *Bryce* v. *State,* 113 *Ga.* 705 (39 S. E. 282), the Supreme Court,

through Chief Justice Simmons, construed the words "cultivated land" to mean land which has been actually prepared for a crop, or has before that time been used for growing crops and which the owner intends to again devote, in due season, to such use. The court in that case held that a person walking over land that for several years had been used as a garden, and upon which vegetables had been grown the preceding season, was guilty of trespass under this section, and that to limit these words to mean that crops must be actually growing on the land would be too narrow a construction,—"would, indeed, be narrower than the plain language of the code." In *Wiggins* v. *State,* 119 *Ga.* 216 (46 S. E. 86), where the land trespassed on was referred to as a "field" and there was no further evidence on the subject of cultivation,—"nothing to show that it had ever been cultivated, or that the prosecutrix ever intended to cultivate it," it was held that the evidence did not sustain the verdict. In *Mitchell* v. *State,* 12 *Ga. App.* 557 (77 S. E. 889), the conviction of the defendant for trespass was reversed where there was evidence to the effect that the defendant was seen in the yard around the house in which his wife lived, the yard being ten or twelve feet in width around the house, and that the yard was not in cultivation but was bordered on all sides by a five-acre cultivated tract of the prosecutor (the yard also being the property of the prosecutor). Although the reversal in that case seems to have actually been on another theory, the court, through Pottle, J., used the following language in discussion: "In the first place, it was not shown that the accused entered upon any enclosed or cultivated land. Penal laws are strictly construed, and, where the land is not inclosed, it must appear that the accused went upon or passed over land which either was at the time actually in cultivation, or had been used for growing crops, and that the owner intended to devote it again to such use in due season." The rule laid down by the above authorities is followed in *Horsely* v. *State,* 16 *Ga. App.* 136 (84 S. E. 600). The Court of Appeals and the Supreme Court have held to a strict construction of the statute; they have neither restricted nor enlarged the meaning of the words "cultivated land," nor are we, at this time, disposed to do so. The testimony of the prosecutor shows that the defendant did not walk over land that was cultivated or ever had been cultivated. To say that because the path upon which he, the defendant, walked was

next to a field which was cultivated, he should be considered as violating the law would change strict construction into a liberal one, and uncertainty and confusion would abound in all such cases. We are of the opinion that the evidence did not support the verdict of guilty and the trial court erred in overruling the motion for a new trial.

The evidence complained of in the motion for a new trial was clearly irrelevant, and prejudicial to the movant, and did not throw any light on the issue to be tried and should have been excluded.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*