26567. KIMBRELL *v.* THE STATE.

DECIDED FEBRUARY 15, 1938.

*B. J. Dantone, James R. Venable,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

MacIntyre, J. Kimbrell was convicted of burglary. He moved for a new trial; his motion was overruled, and he excepted.

The real question argued by the plaintiff in error in his brief is that the court's charge on the question of breaking and entering the dwelling-house was not sufficiently clear and full as to substantially embrace the issue made by the evidence under the peculiar facts of this case, and, although there was no request so to charge, that the court committed reversible error. With reference to the question of "breaking and entering" the evidence for the State was as follows: "It was burglarized in October of last year. The premises were entered through a window which was prized open. It was locked. As to what evidence or any marks or indication of the window's having been prized open I found, 'I found a broken sash lock.' As to whether this house was fully completed or only partially constructed, it was only partially constructed." The court charged the jury, in part, as follows: "Now, gentlemen, the charge in this indictment is that of burglary, and I will give you the definition of burglary. Burglary is the breaking and entering of the dwelling, mansion, storehouse, or other place of business of another, where valuable goods, wares, produce, or other articles of value are contained or stored, with intent to commit either a felony or larceny. Now it is charged in this indictment that there was a breaking and entering by these defendants with intent to commit a larceny; and I will give you the definition of larceny. Larceny is the wrongful and fraudulent taking and carrying away by any person of the personal goods of another, with intent to steal the same. Now, gentlemen, all of these elements are necessary to be proved by the State in order to support a conviction for the offense of burglary. Now gentlemen, whether they existed or not, is a question of fact for you to determine, just like every other question of fact in the case." The defendant contends that the court should have gone further, under the facts in this case, and charged to the effect that if one enters a house with the intent to commit a felony, but the entering is through an open door or window without any breaking, actual or constructive, the offense is not burglary, and this in view of the fact of the testimony of the State's witness that the house was

"partially constructed." It is our opinion that the charge substantially embraced the rule of law on the issues which the evidence made between the State and the defendant. The defendant did not claim, in his statement or otherwise, that he entered through an open window or door or any other way, but denied that he entered the house at all, and denied that he committed the crime. If the defendant thought the charge not full enough, or clear enough, or omitted something that would put his side more fully before the jury than the charge that was given, then the notice of the court should have been called thereto, and in the absence of an appropriate written request the defendant can not complain here. *Central Railroad* v. *Harris,* 76 *Ga.* 501, 511; *Roberts* v. *State,* 114 *Ga.* 450 (2) (40 S. E. 297); *Abelman* v. *Ormond,* 53 *Ga. App.* 753 (2) (187 S. E. 393); *Parker* v. *State,* 51 *Ga. App.* 295 (180 S. E. 390); *Hicks* v. *State,* 146 *Ga.* 221 (91 S. E. 57); *Western & Atlantic Railroad Co.* v. *Tate,* 129 *Ga.* 526 (6), 531 (59 S. E. 266); *Gleaton* v. *State,* 50 *Ga. App.* 210 (2), 212 (177 S. E. 362); *Kimbrell* v. *State,* 57 *Ga. App.* 294 (124 S. E. 879).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*