## 62659. MORGAN v. THE STATE.

CARLEY, Judge.
Appellant appeals from his conviction of kidnapping.

1. Assuming without deciding that certain testimony by a police officer concerning how he obtained an identification of appellant was hearsay, it was clearly admissible under Code Ann. § 38-302 to explain the officer's conduct. Since the trial court admitted it for this limited purpose, there was no error. *Arnsdorff v. State,* 152 Ga. App. 515, 518 (6) (263 SE2d 176) (1979).

2. Testimony by the victim concerning what appellant had said to her during the continuing course of her ordeal was admissible, notwithstanding the fact that it may have shown other criminal conduct on the part of appellant. *Potts v. State,* 241 Ga. 67, 73 (4) (243 SE2d 510) (1978). Testimony by the victim relative to how she identified the appellant as the perpetrator did not put his character into issue. See generally *Hilton v. State,* 233 Ga. 11 (209 SE2d 606) (1974). Testimony that appellant's co-defendant did *not* have a prior record did not inferentially place appellant's character into issue for speculation by the jury concerning whether appellant might have such a record. Cf. *Kimbrell v. State,* 57 Ga. App. 296, 298 (3) (195 SE 459) (1938).

3. Appellant enumerates as error the failure of the trial court to give a requested charge on mistake of fact. "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact, which, if true, would have justified the act or omission." Code Ann. § 26-705. The only true "fact" about which appellant asserts he was mistaken is that, at the time he first entered the victim's car, he was unaware that a crime was being committed by his co-defendant, thinking only that he was "going along for the ride." However, appellant was not charged with the "act" of unauthorized entry of the victim's car but with being a party to a kidnapping. Thus it is appellant's mistaken "acts" *after* entering the victim's automobile which determine whether, under Code § 26-801, he was a party to the crime of kidnapping. Compare *Bowers v. State,* 153 Ga. App. 894, 897 (2) (267 SE2d 309) (1980). Under appellant's own testimony as soon as he entered the

automobile he "sensed that . . . [the victim] was being taken against her will." Therefore, after entering the vehicle the only "fact" of which appellant was arguably mistaken was that he did not think the victim was being "kidnapped, but taken against her will." This is, at best, an inexcusable mistake of law, not of fact. See *Fraser v. State,* 112 Ga. 13, 17 (5) (37 SE 114) (1900). With the knowledge that the victim was being "taken against her will," appellant was himself a willing participant in her ensuing six-hour ordeal. This evidence demonstrates that appellant was a "party" to the kidnapping, not an "involuntary" participant acting under a mistake of fact. Compare *Bowers v. State,* 153 Ga. App. 894, 897 (2), supra. It is not error to fail to give a charge on mistake of fact when, as here, the evidence would not authorize such an instruction. *Gunter v. State,* 155 Ga. App. 176 (3) (270 SE2d 224) (1980). There is no evidence that appellant's act of holding the victim "against her will" for some six hours after entering her vehicle was "induced by a misapprehension of fact, which, if true, would have justified" that otherwise criminal act. Accordingly, we find no error in the instant case, especially in view of the following instruction, which was given: "An act or omission is knowingly done, if done voluntarily or intentionally and *not because of mistake* or accident *or other innocent reason."* (Emphasis supplied.)

4. Appellant enumerates as error the allowance of testimony by witnesses who had violated the rule of sequestration. In two of the alleged "violations" the victim apparently was in the courtroom for a very brief time while testimony was being given. After both instances the trial court conducted an inquiry, wherein it was established that the victim's unauthorized presence in the courtroom had been merely inadvertent. Under these circumstances we find no error in overruling appellant's objections premised upon "violations" of the sequestration rule by the victim. See *Dowdy v. State,* 154 Ga. App. 700 (269 SE2d 530) (1980). As to the remaining alleged incidents, the transcript demonstrates that no "violations" occurred. See *Cobb v. State,* 244 Ga. 344, 353 (16) (260 SE2d 60) (1979); *Byrd v. Brand,* 140 Ga. App. 135, 136 (4) (230 SE2d 113) (1976). Moreover, even assuming that violations of the sequestration rule were shown, it was not error to allow the witnesses to testify. "In criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony. [Cit.]" *Blanchard v. State,* 247 Ga. 415, 417 (276 SE2d 593) (1981).

5. The evidence supports the verdict of guilty of kidnapping. After a review of the entire record, we find that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v.

Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict finding appellant not guilty of raping the victim is not inconsistent with the verdict finding that he had kidnapped her. See generally *Martin v. State,* 157 Ga. App. 304, 305 (3) (277 SE2d 300) (1981); *Frazier v. State,* 152 Ga. App. 743 (264 SE2d 35) (1979); *Stewart v. State,* 147 Ga. App. 547, 548 (2) (249 SE2d 351) (1978).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1982 — REHEARING DENIED JANUARY 26, 1982.

*Myra H. Dixon,* for appellant.
*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Assistant District Attorney,* for appellee.