### 75228. BOWMAN et al. v. THE STATE.
(368 SE2d 143)

CARLEY, Judge.

Appellants Madia Bowman and Michael Hirsh were jointly tried before a jury on accusations which charged that they "did, knowingly and without authority, remain upon the premises of Feminist Women's Health Center [FWHC], . . . after receiving notice from . . . a properly identified and authorized representative of said owner of said premises to depart from said premises. . . ." See OCGA § 16-7-21 (b) (3). The jury returned guilty verdicts. Appellants appeal from the judgments of conviction and the sentences which were entered by the trial court on the jury's verdicts.

1. Appellants enumerate the general grounds. In support of this enumeration, appellants urge only that there was a lack of sufficient evidence that they were "knowingly" on the premises of FWHC so as

to authorize a finding that they had violated OCGA § 16-7-21 (b) (3).

Appellants contend that the evidence is undisputed that they acted in the good faith belief that they were on public rather than on private property. Thus, appellants assert that they did not have the requisite guilty "knowledge" that the premises from which they had been asked to depart were actually those of FWHC. "A person commits the offense of criminal trespass when he knowingly and without authority: . . . Remains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or upon proper identification, an authorized representative of the owner or rightful occupant to depart." OCGA § 16-7-21 (b) (3). To prove that appellants had violated this statute, the State would not be required to prove that appellants had actual "knowledge" that they were on the premises of FWHC. All that the State was required to prove is that appellants had actually been physically present on the premises of FWHC and that, after having received proper notice to depart therefrom, they then "knowingly and without authority" remained thereon. That appellants may have acted in the good faith but erroneous belief that they were defying a request to leave premises in which FWHC had no property rights might, if believed by the trial court, possibly constitute a factor in mitigation of their punishment. However, undisputed evidence merely that appellants, notwithstanding their being asked to depart premises which were claimed by FWHC, nevertheless thought that they were on public property does not demonstrate the absence of an essential element in the State's case. If it were otherwise, there could never be a successful conviction for violating OCGA § 16-7-21 (b) (3) where the defendant simply claims that he did not actually "know" that the property rights were in the individual who had asked that he depart therefrom, insofar as he had a good faith but erroneous belief that the property really belonged to the public. Appellants "knew" that FWHC claimed the property and had asked that they depart. Rather than to accede to those requests, appellants elected instead to act upon their own belief that the property was not such that FWHC had the legal authority to ask them to depart therefrom. Having made the election to act upon their own beliefs rather than upon FWHC's requests, appellants must abide by the consequences. If the State could not prove that the requisite property rights were in FWHC, then appellants could not be found guilty of violating OCGA § 16-7-21 (b) (3) by virtue of their remaining on the property after FWHC had asked them to leave. If, however, the State could prove that the requisite property rights were in FWHC rather than in the public, then appellants would not be entitled to avoid criminal responsibility for violating OCGA § 16-7-21 (b) (3), simply because they had thought otherwise. This is true even if appellants acted in a good faith reliance upon the advice of others.

See *Davis v. State*, 151 Ga. App. 736 (261 SE2d 468) (1979).

It follows that appellants' actual "knowledge" of the viability of FWHC's property rights is not an essential element of the State's proof of their violation of OCGA § 16-7-21 (b) (3). Appellants knew that FWHC had claimed property rights in the premises, but they simply thought that FWHC's claim was erroneous. No contention has been made in support of appellants' enumeration of the general grounds that the State's evidence failed to prove that, notwithstanding appellants' original belief, FWHC had a sufficient property interest so as to render appellants' refusal to depart a violation of the criminal trespass statute. Since appellants do not urge that the State's evidence failed to authorize a finding that, after having been given proper notice to depart the premises of FWHC, they "knowingly and without authority" remained on those premises, the general grounds are without merit.

2. Appellants enumerate as error the giving of the following charge to the jury: "[E]veryone is presumed to know the law and ignorance thereof is not an excuse for its violation."

The contention is that, by the giving of this charge, the trial court unconstitutionally shifted to appellants the burden of proof as to the element of their "knowledge" that they were on the premises of FWHC. However, as discussed in Division 1, whether appellants "knew" they were on the premises of FWHC is not an element of the crime they were charged with violating. Accordingly, the charge could in no way have had the erroneous and harmful effect of shifting to appellants the burden of proof as to an essential element of the crime. Compare *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669) (1986).

The charge was a correct instruction as to an applicable legal principle. The charge instructed the jury that appellants were presumed to know that the act of choosing to remain, knowingly and without authority, on the premises of another after having received proper notice to depart therefrom was a violation of the law, and that appellants' lack of knowledge that the law criminalized such an intentional act would not excuse the commission of that intentional act. "Everyone is presumed to know the law and ignorance thereof is not an excuse for its violation. [Cit.]" *Martin v. State*, 160 Ga. App. 275, 277 (1) (287 SE2d 244) (1981). "[T]he accused was nevertheless bound to know what the law was. It would never do to hold that one who did an act which the law makes criminal could be excused because he honestly misapprehended the true meaning of a statute. The question in such a case is not one of good faith or of diligence in endeavoring to find out what the law was. It is simply: Did the accused knowingly do the forbidden act?" *Fraser v. State*, 112 Ga. 13, 18 (5) (37 SE 114) (1900). The issue in this case was simply: Did appellants knowingly and without authority remain on the property of FWHC

after they had received proper notice to depart therefrom? If they did, their lack of knowledge that such an intentional act was criminal would be no defense to their criminal liability for its commission. The giving of the charge was not error.

3. Appellants enumerate as error the trial court's failure to give a requested charge on the defense of mistake of fact. See OCGA § 16-3-5.

Appellants assert only that they were mistaken as to whether the property interest claimed by FWHC in a portion of the premises was sufficient to authorize it to make a valid request that appellants depart therefrom so that appellants may be prosecuted for criminal trespass. However, appellants were not acting under any misapprehension of fact when they refused FWHC's request that they depart from those premises. The evidence shows that appellants were aware of all the facts regarding the purported public and private property interests in the premises in question and that they were, if anything, merely mistaken as to the legal consequences of those facts. With knowledge of the fact that FWHC had requested that they depart the contested premises, appellants refused to comply, choosing instead to rely upon their own independent assessment of whether FWHC was legally authorized to make and to enforce their request as to those premises. Having considered all of the relevant facts and having then made their own election, appellants' criminal liability would ultimately depend upon whether their legal assessment of the facts was correct or incorrect. If, under the facts, appellants' legal assessment was correct and FWHC had no legal right in the property and no legal right to ask them to leave, then the criminal law would not have been violated. If, on the other hand, appellants' legal assessment was incorrect and FWHC had, under those same facts, the legal right to request that appellants depart, then appellants' decision to ignore FWHC's request was, even if made in good faith, in possible violation of OCGA § 16-7-21 (b) (3). See generally *Fraser v. State*, supra.

"The accused[s] did not make any mistake of fact; but, conceding that [they] acted in good faith, [they may have] judge[d] erroneously with respect to the law. This cannot, of course, excuse [them]. [Cit.]" *Fraser v. State*, supra at 18 (5). Thus, the evidence shows, "at best, an inexcusable mistake of law, not of fact. [Cit.]" *Morgan v. State*, 161 Ga. App. 67, 68 (3) (288 SE2d 836) (1982). Since the evidence did not raise the defense of mistake of fact, the trial court did not err in refusing to give a requested charge on that defense.

4. The trial court's failure to give appellants' following request to charge is enumerated as error: "No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt, and to a moral and reasonable certainty."

Appellants' refused request clearly states a correct principle of

applicable criminal law. See OCGA § 16-1-5. However, the charge, as it was actually given by the trial court, nowhere included an instruction that the State was required to carry the burden of proof beyond a reasonable doubt as to "each element" of the offense of criminal trespass. Nevertheless, "[t]he failure to give a charge in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. [Cit.]" *Pittman v. State*, 172 Ga. App. 22, 25 (5b) (322 SE2d 71) (1984). There is some question whether the charge, as it was actually given by the trial court, "substantially covers" the general legal principle that the State has the burden of proof as to "each element" of the offense charged. However, whether or not the charge as given "substantially covers" this general principle need not be decided under the circumstances which exist in the present case.

The record shows that appellants did not deny the commission of any acts attributed to them. They denied only that they had the criminal intent necessary for those acts to constitute the commission of the crime of criminal trespass. With specific regard to the "essential element" of appellants' intent, the trial court did charge: "[I]ntent is an essential element of any crime and must be proved by the State beyond a reasonable doubt." Thus, notwithstanding the trial court's failure to give a general charge as to the State's burden of proof as to "each element" of the crime, the trial court did give a specific charge as to the State's burden of proof with regard to the element of intent, which element was, under the circumstances of this case, the decisive element in determining appellants' criminal liability. Under these circumstances, the failure of the trial court to give appellants' requested charge as the State's general burden of proof as to "each element" of the offense or to give a charge which "substantially covered" that general principle was, at most, harmless error. It should be noted, however, that the better practice would be for the trial court to give a written request to charge the jury in the exact language of OCGA § 16-1-5. The failure to give such a requested charge on the general principle contained in that statutory provision will, if error, not necessarily be harmless in every case.

5. After the trial court's charge to the jury, appellant objected to the giving of the following instruction: "[F]reedom of speech and freedom to peaceably assemble must be exercised within a framework of order and the conduct employed in exercising these freedoms must not constitute a trespass upon property owned or occupied by private persons." The only objection raised by appellants in the trial court was that the instruction was "subject to the interpretation that public property . . . that [is being occupied by] private persons . . . could become the location of [a] criminal trespass." On appeal, appellants enumerate the giving of the charge, over their objection, as error.

Contrary to appellants' assertions in the trial court and on appeal, the charge did not, in effect, instruct the jury that private persons who were occupying public property could enforce the criminal trespass laws as to that public property. The instructions merely informed the jury that the right to exercise the freedoms of speech and of assembly must be tempered by regard for private property. See generally *Daniel v. State*, 231 Ga. 270 (201 SE2d 393) (1973). This abstractly correct principle of law was certainly applicable in the instant case. See *Daniel v. State*, supra. "Criminal trespass is . . . a location crime and its purpose is to keep the defendant off the property of others." *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518) (1975). The jury was therefore, in effect, correctly instructed that appellants' acts of expression must nevertheless be performed so as not to constitute a criminal trespass upon property which was being occupied by FWHC. The jury was not erroneously instructed that appellants' acts, if committed on public property which was merely being occupied by FWHC, would necessarily constitute trespass. The charge did not purport to define the crime of "trespass" for the jury. Rather the instruction simply delineated the parameters of appellants' constitutional rights.

In arguing this enumeration, appellants also rely upon other instructions which were given by the trial court and which deal with the entirely separate issue of whether the premises over which FWHC purported to exercise dominion were nevertheless public property. However, appellants did not object in the trial court to the charges given as to this separate issue and the record shows that appellants have waived their right to enumerate error on appeal as to those instructions. See generally *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979). The only instructions which appellants are entitled to assert to be erroneous on appeal are those which have previously been discussed.

6. The trial court's rulings as to the scope of testimony given by two expert witnesses called by appellants are enumerated as error.

With regard to one of the expert witnesses, appellants made no proffer of what his answer would have been had the State's objection to the question not been sustained. This prevents appellate review of the exclusion of this witness' testimony. See generally *Stancil v. State*, 155 Ga. App. 731, 733 (3) (272 SE2d 511) (1980).

With regard to the other expert witness, the trial court struck legal opinions expressed as to the "ownership" of and property rights in a portion of the premises in question. The trial court's rulings were not erroneous. See generally *Gellis v. B.L.I. Constr. Co.*, 148 Ga. App. 527, 540 (5) (251 SE2d 800) (1978). Compare *Ivy Inn v. MARTA*, 175 Ga. App. 580, 583 (4) (334 SE2d 319) (1985), aff'd 255 Ga. 557 (340 SE2d 600) (1986).

*Judgments affirmed. Benham, J., concurs. Banke, P. J., concurs in Divisions 1, 2, 3, 5, 6 and in the judgment.*

DECIDED MARCH 11, 1988 —
REHEARING DENIED MARCH 28, 1988 —

*George M. Weaver*, for appellants.
*James L. Webb, Solicitor, Christina Craddock, Assistant Solicitor*, for appellee.