## 45729. BOWMAN et al. v. THE STATE.
(376 SE2d 187)

HUNT, Justice.

This is a criminal trespass case arising from demonstrations and picketing at an abortion clinic operated by the Feminist Women's Health Center (FWHC) at the corner of Fourteenth and Curran Streets in the City of Atlanta. We granted certiorari to consider whether the Court of Appeals correctly decided the state's burden of proof of the elements of the statute making trespass on private property a crime. *Bowman v. State*, 186 Ga. App. 544 (368 SE2d 143) (1988).

---

The statute in question, OCGA § 16-7-21 (b) (3), provides in pertinent part:

> A person commits the offense of criminal trespass when he *knowingly* and without authority: . . . (3) Remains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or, upon proper identification, and authorized representative of the owner or rightful occupant to depart. [Emphasis supplied.]

The property involved here was a five-foot stretch of ground located between the paved portion of Curran Street and the side of the FWHC building. It could also be described as an unpaved extension of a sidewalk which bordered a portion of this property.[1] The defendants were particularly interested in access to this property because it was immediately adjacent to the entrance utilized by prospective patients and provided the defendants and other demonstrators with the ability to confront the patients face-to-face as they departed their vehicles and entered the clinic.

Because the defendants preferred to stand on this particular piece of land rather than on the adjacent sidewalk and because they had knowledge of the public easement, they sought the advice of a surveyor. He advised them, incorrectly, that because this five-foot area was part of a public right-of-way, they could legally remain there.[2] The defendants' position, therefore, is that although they knowingly remained on the property after being asked to depart, they did not knowingly remain *on the property of another* because they, in good faith, believed the property to be public. Thus, they argue, the state did not prove the "knowingly remains on the property of another" element of criminal trespass beyond a reasonable doubt.

In its opinion, *Bowman v. State*, supra at 545, the Court of Appeals held that:

> [t]o prove that appellants had violated this statute, the state would not be required to prove that appellants had actual 'knowledge' that they were on the premises . . . All that the state was required to prove is that appellants had actually been physically present on the premises . . . and that, after having received proper notice to depart therefrom, they

---

[1] This property was leased by FWHC. Defendants do not contend that a leaseholder may not assert the provisions of OCGA § 16-7-21 (b) (c).

[2] The trial court correctly charged that an unexercised easement did not diminish the property owner's right to preclude the presence of others from this strip. The defendants did not contest the charges given respecting ownership and control of the property.

'knowingly and without authority' *remained* thereon.[3] [Emphasis supplied.]

We agree with defendants that were the rule as stated above, the state would be relieved of the burden of proving specific intent on the part of the trespasser to knowingly remain *on another's property.* This element of the crime cannot be so separated. One charged with trespass cannot be convicted unless he is aware of his conduct (remaining after told to depart) and aware of the attendant circumstances (that he is on another's property).[4]

Surely the defendants were entitled to offer both the surveyor's testimony and their own that they in good faith believed they were on public property as to the issue whether they knowingly remained on private property and intended to violate the law. *Shrouder v. State,*[5] 121 Ga. 615, 617 (49 SE 702) (1904); *Wiggins v. State,* 119 Ga. 216, 218 (46 SE 86) (1903); *Hateley v. State,* 118 Ga. 79, 81 (44 SE 852) (1903); *Black v. State,* 3 Ga. App. 297 (59 SE 823) (1907). In *Hayes v. State,* 13 Ga. App. 647, 649 (79 SE 761) (1913), it was said:

An act which, as related to the true owner of land, might appear to be trespass is not in fact a trespass if the act is committed in good faith by one who actually and sincerely believes that he is authorized . . . to do the act in question. In fact, the burden rests upon the state of proving the absence of good faith on the part of one accused of trespass,

---

[3] But see *W. L. N. v. State,* 170 Ga. App. 689 (318 SE2d 80) (1984), where a similar statement is made. In that case, however, there is no indication that the defendant contested the owner's right to demand that he leave the premises or argued he was there in good faith.

[4] The ABA, *Model Penal Code,* § 2.02 (1985), provides:
General Requirements of Culpability
(1) *Minimum Requirements of Culpability.* Except as provided in Section 2.05, a person is not guilty of an offense unless he acted purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.
(2) *Kinds of Culpability Defined.* . . . (b) *Knowingly.* A person acts knowingly with respect to a material element of an offense when: (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result. . . .
It is particularly significant that subsection (4) of this provision also sets forth that:
(4) *Prescribed Culpability Requirement Applies to All Material Elements.* When the law defining an offense prescribes the kind of culpability that is sufficient for the commission of an offense, without distinguishing among the material elements thereof, such provision shall apply to all the material elements of the offense, unless a contrary purpose plainly appears.

[5] "An honest mistake might result in civil liability for the wrong, but the party committing the trespass would not, by reason of such mistake, be subject to a criminal prosecution." *Shrouder v. State,* 121 Ga. 615, 617 (49 SE 702) (1904).

because the act must generally be shown to be *wilfully* done. [Emphasis supplied.][6]

See also Kurtz, Criminal Offenses & Defenses in Ga., pp. 350-353 (2d ed., 1986).

The Court of Appeals, while focusing on the issue whether the FWHC had the right to control the five-foot strip of property,[7] held the defendants' reliance on the surveyor's opinion went only to mitigation rather than guilt:

> [U]ndisputed evidence merely that appellants, notwithstanding their being asked to depart premises which were claimed by FWHC, nevertheless thought that they were on public property does not demonstrate the absence of an essential element in the state's case. If it were otherwise, there could never be a successful conviction for violating OCGA § 16-7-21 (b) (3) where the defendant simply claims that he did not actually "know" that the property rights were in the individual who had asked that he depart therefrom, insofar as he had a good faith but erroneous belief that the property really belonged to the public. Appellants "knew" that FWHC claimed the property and had asked that they depart. Rather than to accede to those requests, appellants elected instead to act upon their own belief that the property was not such the FWHC had the legal authority to ask them to depart therefrom. Having made the election to act upon their own beliefs rather than upon FWHC's requests, [defendants] must abide by the consequences.

*Bowman v. State,* supra at p. 545.

We disagree with this holding. As the cases we have cited indicate, the issue of ownership may bear directly on the question of the defendants' culpability and may be as relevant to guilt as to mitigation. And the rule would be the same where the contention is that the property is public as opposed to private. Furthermore, establishing a good faith defense for remaining on the property in the face of a request by the owner to leave, is not as simple as merely claiming that one did not know the property was private, but thought it was public.

---

[6] While the criminal trespass statutes in force at the time required the state to prove that the purported trespasser entered or refused to leave the property "wilfully," rather than "knowingly," both statutes require the state to prove a specific intent. We therefore find these earlier cases instructive.

[7] Since the defendants do not dispute the state introduced some evidence that the FWHC had the right to control the five-foot strip of property, the Court of Appeals correctly held the evidence supports the verdict on this point.

Such a claim must, at a minimum, create a reasonable doubt about the state's case and whether it does is most often a jury question. But here the defendants established without contradiction that they did not intend to stand on clinic property. They established, without contradiction, that they obtained a survey and relied on it to ensure that they did not trespass. Civil liability might have attached but the element of criminal intent was absent. The judgment of the Court of Appeals and of the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Bell, J., who dissent.*

DECIDED FEBRUARY 8, 1989.

*England, Weaver & Kytle, George M. Weaver*, for appellants.
*James L. Webb, Solicitor, Christina Craddock, Lawrence Daniel, Assistant Solicitors*, for appellee.