## A90A0154. MILLER v. SMITH & SMITH LAND SURVEYORS, P.C.

(391 SE2d 20)

BIRDSONG, Judge.

Miller contends the trial court erroneously granted summary judgment to Smith & Smith on Miller's claims of criminal trepass and assault. *Held*:

The record shows that this is the second lawsuit between the parties over the activities of the same Smith & Smith employee, Mr. Woody. The first suit alleged that Woody, while on Miller's property, committed an assault by threatening Miller with an axe. Miller's complaint in the present appeal alleged that Smith & Smith committed criminal trepass and assault by sending Woody to her property to harass and terrorize her.

Miller's deposition testimony shows that while returning home in her car she came around a curve and saw a man in the ditch on the side of the road near her property. The man's truck was parked nearby. She testified that as she drove past the driveway to her property to approach the man, he stood up and she could see that he had an axe in his hand. She testified she drove up next to the man, who by then was standing on the roadway, stopped her car, and asked what he was doing, but the man did not answer and would not look at her. Although she testified that the man in the road had bright red hair, she contends that she did not then identify him as the same man who threatened her earlier.

Miller testified that about this time she heard a beeper in the man's pocket go off and a voice on the beeper tell the man not to talk to her, not to answer any questions, and to get in his truck and leave. Miller testified that when she again asked the man for his name, he said he worked for Smith & Smith, and with that, walked away, got in his truck, and left.

Miller acknowledges the man made no threatening motions and he held the axe straight down. She contends, however, that the man's mere presence with the axe threatened her and placed her in fear of bodily harm.

Smith & Smith moved for summary judgment contending that criminal trepass is a criminal offense and not a tort and that as a matter of law the actions Miller complains of did not constitute an assault. The motion was supported by Miller's deposition and the deposition of a Smith & Smith employee, other than Woody. This employee's deposition stated that on the day of the incident he was in charge of a surveying crew, which included Woody, and that they were surveying the line at the request of the insurance company providing the defense of the first action. Miller provided no rebuttal to that testimony.

Assuming without deciding that a criminal trepass gives rise to a separate tort from a trespass to land, it is plain that no trepass of any kind occurred. Miller's own testimony shows that all of the actions she complains of here took place on a public road and not on her property. Further, there is no allegation that any of the actions complained of were even directed toward Miller's property. Under these facts, the essential element of Woody's presence on Miller's property was absent. See generally OCGA §§ 16-7-21; 51-9-1 et seq.; *Bowman v. State*, 258 Ga. 829, 830 (376 SE2d 187).

Further, we have no difficulty in deciding as a matter of law under this evidence, there was no assault in this case. It is patent that Miller, in her car and on a public roadway, approached Woody, who she saw was holding an axe, and began conversation. She admits Woody made no threatening gestures and all he did in response to her questioning was to say that he worked for Smith & Smith and leave. No reasonable person could have been put in apprehension by the acts to which Miller testified, nor could these actions amount to an intentional infliction of emotional distress. *Hallford v. Kelley*, 184 Ga. App. 90, 92-93 (360 SE2d 644).

Accordingly, even granting Miller all the rights and benefits she is entitled to receive as the respondent to a motion for summary judgment procedures (see generally OCGA § 9-11-56), Smith & Smith was entitled to summary judgment.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 12, 1990.

*James A. Satcher, Jr.*, for appellant.
*Bovis, Kyle & Burch, John V. Burch*, for appellee.

