A93A0901. TURNER v. THE STATE.
(436 SE2d 229)

SMITH, Judge.

Alan John Turner was convicted of operating a motor vehicle after being declared an habitual violator and driving with defective

equipment. OCGA §§ 40-5-58; 40-8-7. On appeal, he enumerates as error the trial court's failure to charge the jury on the defense of mistake of fact; the court's failure to grant a mistrial after comments by the prosecutor during closing argument; and the court's refusal to admit certain testimony. We affirm.

1. Turner's apparent basis for his defense of mistake of fact is his testimony that "I just thought my license was good." He testified that he called the Department of Public Safety in Atlanta and was told by an unidentified person that his license would be good with the payment of $25. Turner testified that, because of this conversation, he believed he might be charged with failure to have a license on his person but not with habitual violator. He admitted he did not pay the $25 or visit the Department to obtain his license before his arrest in February 1992. He ultimately obtained a new license in March 1992.

"While a trial court is required to charge on a criminal defendant's sole defense of mistake of fact even absent a request to do so [cits.], such a charge is not required where, as here, it is not authorized by the evidence. [Cit.]" *Gunter v. State*, 155 Ga. App. 176, 177 (3) (270 SE2d 224) (1980). A mistake of fact is defined as "a misapprehension of fact which, if true, would have justified the act or omission." OCGA § 16-3-5. Failure to give a charge on mistake of fact is not error where the evidence shows that a party has made a mistake of law. *Morgan v. State*, 161 Ga. App. 67, 68 (3) (288 SE2d 836) (1982).

Turner's alleged reliance on a telephone conversation with an unidentified person is a mistake of law and not of fact. The only "fact" of which he claims to have been mistaken is whether or not he was able to drive without first having obtained his driver's license. The relevant statute gives detailed and explicit guidance on this topic. See OCGA § 40-5-58. Turner himself testified that he was told to pay a fee and visit the Department of Public Safety to obtain a license, and that he failed to do so before driving. Finally, Turner admitted that he knew he was violating the law; he was merely mistaken as to the applicable law and the penalty which would result.

"It is axiomatic that '(e)veryone is presumed to know the law and ignorance thereof is not an excuse for its violation.' [Cits.] Thus, the mere fact that the appellant may have been ignorant of the continued existence of his habitual violator status and the resultant consequences . . . did not, in and of itself, afford him any defense to the felony charge of which he was convicted." *Connelly v. State*, 181 Ga. App. 261, 262 (351 SE2d 702) (1986). See also OCGA § 1-3-6. The trial court properly refused the requested charge.

2. We do not reach the merits of Turner's contention with regard to the motion for mistrial, because trial counsel explicitly withdrew that motion on the record and agreed to curative instructions in lieu of renewing the motion. Turner waived his right to appellate review

by failing to renew his objection or his motion for mistrial after the trial court's curative instruction was given. *Perkins v. State*, 260 Ga. 292, 295 (6). (392 SE2d 872) (1990).

3. Turner's final enumeration of error is the trial court's refusal to admit the testimony of his neighbor, James Reynolds, a deputy sheriff with Clayton County, who would have testified that Turner told him about his conversation with the Department of Public Safety. Without reaching the issue of whether or not this hearsay could be admissible to explain Turner's conduct, we note that Turner himself was allowed to testify over objection to the same conversation. Also, Reynolds was allowed to testify that Turner convinced him that "he should have been behind the wheel." Under these circumstances the refusal to allow Turner to present cumulative or amplifying evidence was, at most, harmless error. *State v. Sears*, 202 Ga. App. 352, 353 (3) (414 SE2d 494) (1991). As discussed above, however, the belief of Turner or his reliance on another's belief with regard to the law is no defense. See *Bowman v. State*, 186 Ga. App. 544, 545-546 (1) (368 SE2d 143) (1988), rev'd on other grounds 258 Ga. 829 (376 SE2d 187) (1989). This contention has no merit.

*Judgment affirmed. Beasley, P. J., and Cooper J., concur.*

DECIDED SEPTEMBER 17, 1993.

*Suellen Fleming*, for appellant.
*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney*, for appellee.