## A98A1161. DARTY v. THE STATE.
### (503 SE2d 76)

BLACKBURN, Judge.

Rick Darty appeals his conviction of theft by shoplifting following a jury trial. Darty contends the evidence was insufficient to support the verdict and the trial court erred in refusing to give his requested charge on mistake of fact. We disagree and affirm.

On appeal we view the evidence in the light most favorable to support the verdict, and the appellant no longer enjoys a presumption of innocence. We neither weigh the evidence nor determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Rather, we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the record reveals the following pertinent facts:

Shortly after 6:00 p.m. on June 15, 1996, a Macy's security guard observed a woman remove a pair of shorts from the Tommy Hilfiger section of the store. The guard thought the woman's behavior was suspicious, so he followed her to the Levi's section of the store, where she left the shorts on a shelf and walked away. The guard then observed Darty pick up the shorts, walk to another section of the store, and conceal them in his paper Macy's shopping bag. There is no

evidence that Darty received this paper bag from his companion. Neither Darty nor the woman went by a cash register after Darty picked up the shorts. Moments later, Darty rejoined the woman in another area of the store where she handed him a plastic bag containing merchandise she had paid for. Darty then immediately left the store. When the security guard identified himself to Darty in the parking lot, Darty said: "Shit, I guess I f----d up." Darty had in his paper Macy's shopping bag $282 worth of Tommy Hilfiger and I.N.C. merchandise for which he had no receipt, including the pair of shorts he had put in the bag. The jury was also shown a videotape of Darty's and the woman's activities in the Tommy Hilfiger section of the store. Darty presented no evidence.

1. Darty argues that the evidence was insufficient to prove he intended to shoplift. Whether "the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous." (Punctuation omitted.) *Parham v. State*, 218 Ga. App. 42, 43 (1) (460 SE2d 78) (1995). The evidence, as set forth above, was sufficient for a rational trier of fact to find Darty guilty beyond a reasonable doubt of theft by shoplifting. Id.; see also *Agony v. State*, 226 Ga. App. 330 (2) (486 SE2d 625) (1997).

2. Darty argues the trial court erred in refusing to give his requested charge on his sole defense of mistake of fact. "While a trial court is required to charge on a criminal defendant's sole defense of mistake of fact even absent a request to do so, such a charge is not required where, as here, it is not authorized by the evidence. A mistake of fact is defined as 'a misapprehension of fact which, if true, would have justified the act or omission.' OCGA § 16-3-5." (Citations and punctuation omitted.) *Turner v. State*, 210 Ga. App. 303, 304 (1) (436 SE2d 229) (1993). Mistake of fact is a defense to the extent ignorance of some fact negates the mental state required to establish a material element of the crime. *Jones v. State*, 263 Ga. 835, 839 (2) (439 SE2d 645) (1994).

Darty asserts that his claimed misapprehension of fact was his belief that the merchandise in his possession had already been paid for by his companion. Darty presented no evidence of his state of mind from which a jury could draw this inference. Since it is Darty's responsibility to produce evidence supporting the affirmative defense of mistake of fact, he may not rely on the evidence adduced in the state's case unless "the state's evidence raises the issue invoking the alleged defense." OCGA § 16-1-3 (1); see *Cheesman v. State*, 230 Ga. App. 525, 528 (6) (497 SE2d 40) (1998); see also OCGA §§ 16-3-5; 16-3-28. The state's evidence did not raise the issue of mistake of fact.

The state's evidence showed that the stolen merchandise was

recovered from the paper bag Darty was carrying and not from the plastic bag his companion gave him before he left the store. Although Darty and his companion had shopped apart for some time, it does not logically follow under the evidence adduced that Darty formed a subjective belief that his companion had paid for merchandise found in a paper bag which had never left Darty's possession. Similarly, Darty's statement to the security guard when he was caught with the stolen merchandise was such that the jury could have inferred guilt. Darty offered no other evidence authorizing a different inference. There was no evidence sufficient to raise the issue of mistake of fact. Consequently, the trial court did not err in refusing to give the charge.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JUNE 9, 1998.

*Thomas J. Killeen*, for appellant.
*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.