### 4643. MITCHELL *v.* THE STATE.

1. Where, in an accusation under the Penal Code, § 217, the premises upon which a trespass was alleged to have been committed are described as "a certain field and cultivated land" in "lot of land number 91 in the 3rd land district" of a given county, "and being known as five-acre tract No. 1196," a demurrer, upon the ground that the premises were insufficiently described, was properly overruled.

2. Where premises are rented to another, the landlord has no right, during the tenancy, to forbid a third person to go upon the rented premises for a lawful purpose with the permission of the tenant. A tenant is entitled to the undisturbed enjoyment of his possession, and the landlord has no right to exercise any control over the personnel of the tenant's guests, or in reference to the time of their visits, so long as they are upon a lawful mission and do not infringe upon any right of the landlord.

3. Though a woman be living separate and apart from her husband, one who has rented to her a house in which she resides has no right to forbid the husband to go upon the rented premises for the purpose of visiting his wife.

4. There was no evidence to authorize the conviction, and the court erred in overruling the motion for new trial.

DECIDED APRIL 2, 1913.

Accusation of trespass; from city court of Fitzgerald—Judge Wall. December 30, 1912.

*James A. Griffin, O. H. Elkins,* for plaintiff in error.

*W. H. Horne, solicitor,* contra.

POTTLE, J. The accused was convicted under an accusation based upon section 217 of the Penal Code. The accusation charged that the accused, on the 13th day of August, 1912, "did unlawfully and wilfully enter, go upon, and pass over a certain field and cultivated land, the said land and field being located on lot of land Number 91, in the 3rd land district of originally Irwin, now Ben Hill county, Georgia, and being known as five-acre tract No. 1196, the said land being the land of said Whitchard, after personally forbidden so to do by the said S. M. Whitchard, contrary to the laws of State, the good order, peace, and dignity thereof." The accused demurred to the accusation, upon the ground that the premises upon which the allege dtrespass was committed were not described with sufficient particularity, and upon the further ground that the accusation charged that the offense was committed on August 13, whereas the affidavit upon which the accusation was found alleged that the offense occurred on August 3. The solicitor amended the accusation by inserting the words, "and field," after the words, "said land," following the words, "tract Number 1196." And the solicitor stated to the court that the figures in the accusation which appeared to be "13th" were really intended for "3rd," that "10" had first been written, and then "3rd" written over the cipher, and the solicitor neglected to erase the figure "1." The demurrer was overruled, and the accused excepted pendente lite.

At the trial there was but one witness,—Whitchard, the owner of the land upon which the trespass was alleged to have been committed. From his testimony the following appeared: He was the owner of a five-acre tract of land, cultivated and known as tract number 1196. Several months before the alleged offense the witness hired the wife of the accused, who worked for him as a farm-hand, and rented to her a shanty located on the west side of the tract known as 1196. Some time in the spring of the year the accused was forbidden by the landlord to go upon the five-acre tract, and in August he was seen in the yard, within about ten feet of the house where his wife lived. There was a road leading from the house out to the public road, but the accused was never

seen on any portion of this tract except in the yard near the house. The accused and his wife had separated some time before he was seen in the yard. The yard in which the accused was seen extended about ten or twelve feet in width around the house, and this yard was not in cultivation. The five-acre tract was cultivated land, but seems not to have been enclosed. Upon this state of facts the accused was convicted, and his motion for new trial was overruled.

1. There was no merit in the demurrer. The land upon which the trespass was alleged to have been committed was sufficiently identified in the accusation. The allegation is that the accused entered upon that part of lot number 91 in a given district and county, known as five-acre tract number 1196, the same being a cultivated field. It was not necessary to describe in the accusation the particular spot where the accused was seen on the five-acre tract; and the allegation that the tract was known as tract number 1196 sufficiently identified the field. If it had been described as the "Jones field" or the "Emerson field," or the like, this would have been sufficient. *Johnson* v. *McKay,* 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166).

2-4. We do not think the evidence was sufficient to authorize the conviction. In the first place, it was not shown that the accused entered upon any enclosed or cultivated land. Penal laws are strictly construed, and, where the land is not enclosed, it must appear that the accused went upon or passed over land which either was at the time actually in cultivation, or had been used for growing crops, and that the owner intended to devote it again to such use in due season. *Bryce* v. *State,* 113 *Ga.* 705 (39 S. E. 282). In this case the accused was on an uninclosed yard which had never been in cultivation, and it was not shown that he did not reach the yard by means of the road which extended from it. But aside from this, the conviction was wholly unauthorized. The house and yard were in the possession of the wife of the accused, as a tenant of the owner. She had sufficient dominion and control over the premises to forbid a trespass by another. *Bryce* v. *State,* supra. One entitled to the possession of land is, for the time being, entitled to the undisturbed enjoyment of such right, regardless of who is the true owner. *Wiggins* v. *State,* 119 *Ga.* 216 (46 S. E. 86). In the absence of a special contract, the landlord has no right to forbid a person to go upon the premises in the posses-

sion of a tenant, by the latter's permission and for a lawful purpose. The tenant has the right to select his own guests, and have them come upon the rented premises for a proper purpose at such times as may suit the convenience of the tenant and the guest. The right to the undisturbed enjoyment of the rented premises necessarily carries with it freedom from the dictation of the landlord in reference to the personnel of the tenant's guests. The statute must be strictly construed in the light of this well-recognized principle of law. Where the land is in the possession of the owner, either actually or constructively, he can forbid a trespass upon it. But where he has surrendered possession to another, "the person entitled to the possession for the time being" has the exclusive right to say who shall come upon the premises for a lawful purpose. Furthermore, it appears that the accused went upon the rented premises for the purpose of paying a visit to his wife; and, so far as the evidence discloses, he did so with her permission. We are unwilling to hold that one who has rented a house to a man's wife can lawfully forbid the husband to visit her at any time when it suits their convenience. It does not appear that the field was rented to the wife, but it does affirmatively appear that the house was so rented; and, of course, this carried with it the right to use so much of the yard as was necessary for the undisturbed enjoyment of the rented premises. The fact that the husband and the wife had been living separate and apart makes no difference. The law encourages reconciliation, and is slow to approve any conduct or act of a third person which is designed to prevent a husband and wife from living together. By the landlord's own admissions in this case, it seems to have been his purpose to keep the husband and wife separate and apart, in order that he might obtain the benefit of the wife's labor. This conduct of the landlord was wholly unjustifiable, and the conviction of the accused can not be sustained.

There are several special grounds in the motion for new trial, some of which are disposed of in the foregoing discussion. It was improper to permit the landlord to testify that the accused had been making trouble among his hands. This was entirely irrelevant to any issue involved in the case. While not entirely appropriate, it was not reversible error for the judge to instruct the jury in reference to reconciling conflicts in the testimony of witnesses.

In view of the fact that there was but one witness sworn in the case, this instruction was not altogether proper, but was harmless. No instruction upon the law of circumstantial evidence was required. All the evidence in reference to the material issues in the case was direct and positive.        *Judgment reversed.*