### 5758. SMITH *v.* THE STATE.

DECIDED JULY 21, 1914.

WADE, J. 1. A verdict of guilty of a violation of the act of 1910, which makes it unlawful for a person to carry or have in his manual possession a pistol "outside of his home or place of business," without having obtained a license from the ordinary of the county of his residence (Acts 1910, p. 134), is unauthorized, where it appears, from uncontradicted evidence, that the place at which the accused was seen with a pistol was in the yard of a house which was in the possession of and the home of his brother as a cropper on land of another, and that the accused was a single man, who, with the permission of the brother, was in the habit of sleeping at this house four or five nights in the week, kept his clothes there, had his washing done there, and treated it as his home, and who, so far as appears, had no other home, though it does not appear that he was there with the consent of his brother's landlord, and it appears that he was not working at that place, but was working for another person, at a place a mile and half or two miles distant from there. The court erred in charging the jury that if he was not living on the premises by the consent of the landlord, or was not employed by the landlord to work on the premises, and had taken up his residence there with no other permission than that of his brother, this would not constitute such a home or place of business as would authorize him to carry or have in his manual possession a pistol, without a license as required by the statute. See *Mitchell* v. *State,* 12 *Ga. App.* 557, 558 (77 S. E. 889).

2. The act of 1910 must be given a reasonable interpretation (*Strickland* v. *State,* 137 *Ga.* 12 (72 S. E. 260, 36 L. R. A. [N. S.] 115, Ann. Cas. 1913B, 323)); and since it was not the purpose of this statute to interfere with the right of any man to keep arms at his home in order to protect person, property, or habitation, the right to have in his manual possession and carry about on his person, in an open manner and fully

exposed to view, a pistol at the place which is his ordinary and usual domicile and habitation can not be infringed upon.

*Judgment reversed.    Roan, J., absent.*
DECIDED JULY 21, 1914.

Indictment for carrying weapon; from Clay superior court—Judge Worrill.   March 30, 1914.

*P. C. King,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.