34948. ELLIS *et al. v.* KNOWLES.

DECIDED APRIL 12, 1954.

*Hicks & Culbert,* for plaintiffs in error.

*Clower & Anderson,* contra.

FELTON, C. J. 1. The court did not err in overruling the defendants' general demurrers. The averments necessary to state a cause of action for malicious prosecution are contained in the petition in this case, to wit: (1) prosecution for a criminal offense; (2) under a valid warrant, accusation or summons; (3) that the prosecution terminated in favor of the plaintiff; (4) that it was instituted maliciously; (5) that it was instituted without probable cause; and (6) that it damaged the plaintiff. *Cary* v. *Highland Bakery, Inc.,* 50 *Ga. App.* 553 (179 S. E. 197).

2. The tenants of the defendants had a right to invite the plaintiff upon the leased premises. *Horsely* v. *State,* 16 *Ga. App.* 136 (2) (84 S. E. 600); *Mitchell* v. *State,* 12 *Ga. App.* 557 (2) (77 S. E. 889). The allegations of the petition do not affirmatively show that any right of the landlord was violated. It was not necessary for the plaintiff to allege that the defendants actually knew that the plantiff had been invited on the premises by the tenants. If the defendants sought to eject the plaintiff or to prosecute him for trespass without inquiring as to the plaintiff's right to be on the premises, they did so at their own risk.

3. Code § 26-3002, defining trespass, does not apply to open or uncultivated real estate. *Wiggins* v. *State,* 119 *Ga.* 216 (3) (46 S. E. 86).

4. The petition does not show affirmatively that there was probable cause for the issuance of the warrant.

The court did not err in overruling the defendants' general demurrers.

*Judgment affirmed. Gardner, P. J., and Quillian, J., concur. Nichols, J., disqualified.*