67870. EL-AMIN v. TRUST COMPANY BANK et al.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Abdul Rasheed El-Amin appeals the grant of summary judgment to defendant-appellees Trust Company Bank (TCB) and Eaton, one of TCB's employees, in an action alleging libel and slander, false arrest and imprisonment, malicious prosecution, in-

fliction of emotional distress, interference with employment, and conspiracy to commit the foregoing. The libel and slander allegations are no longer a part of the action by agreement of the parties.

The record shows the following: In February 1981 an apartment in DeKalb County was burglarized and the victim's TCB Financial Transaction Card, for use in TCB's automated teller machines, was taken. TCB's records showed that money had been withdrawn from the victim's account by the use of the stolen card and the teller machine had taken photographs with a hidden camera of the person who had used the card. Defendant Hicks, a DeKalb County Police Department detective, investigated the robbery, and received from the victim the name Wallie L. Amin as a suspect and an automobile tag number. The auto tag was registered to appellant. Hicks then obtained a copy of appellant's driver's license with his photograph on it and asked the victim's apartment manager if he knew of a black male with appellant's name. The manager told Hicks that he had a tenant named Wallie El-Amin, whom he believed was the brother of appellant. He also said that he had seen a man who looked like appellant's driver's license photo in the apartment complex and that it could have been about the time of the burglary. The victim could not identify appellant's driver's license photo.

Heath, a TCB investigator, informed Hicks that she had the teller machine photos of the man who had used the stolen card. The victim could not identify the person depicted in the teller photos.

On August 1, 1981, Smith, an investigator for Radio Shack, appellant's employer, informed Heath that he was investigating the use of stolen credit cards to obtain merchandise from a Radio Shack store where appellant had worked and that Radio Shack's employees had indicated that appellant might be involved. Heath told Smith that appellant was a suspect in the use of a stolen TCB teller card, and Smith asked to see the photographs taken by the teller machine cameras of the person who had used the card. Smith showed the photos to appellant's district manager who thought they were of appellant. On August 24, 1981 Smith went to the Radio Shack store where appellant was then working to interview him. Upon seeing appellant, it appeared to Smith that the photos were of appellant. Appellant denied involvement in the use of stolen credit cards at the store where he had previously worked. Appellant then underwent a voluntary polygraph examination. The operator questioned appellant about the use of the stolen credit cards in the store and about the use of the stolen TCB teller card. Appellant denied any involvement. The examination showed deception by appellant. When shown the teller machine photos, appellant at first identified the person depicted as himself, but subsequently said it could not be him as he had no such clothes as the person depicted was wearing. This information was given to

Heath, who passed it to Hicks. Appellant was suspended from his employment at Radio Shack pending the investigation and told to contact defendant Eaton, a security officer at TCB, to get the matter (of the use of the teller card) straightened out. Appellant contacted Eaton and met with Eaton, Heath and Hicks at DeKalb County Police Department on August 28. Upon questioning appellant denied involvement in the use of the teller card and denied that the teller photos were of himself. Eaton indicated that appellant looked like the person who used the card depicted in the photos. Two other policemen who were asked to look at the teller photos said that they looked like appellant. Heath said appellant's former name was Robert X. Birdsong, which appellant denied. Hicks thereupon arrested appellant for the burglary and unauthorized possession of the teller card. Appellant was discharged from his employment by Radio Shack because of the charges against him, and was shortly thereafter indicted. The following July a nolle prosequi was entered on the indictment. Appellant then commenced this action against TCB, Eaton and Hicks. Summary judgment was denied Hicks, but granted to TCB and Eaton, from which grant this appeal is taken. *Held*:

The basis for appellant's involvement of TCB and Eaton appears to be as follows: That Heath, as an employee of TCB, passed information concerning appellant's possible connection to the teller card theft and use to Hicks by way of the teller photos, appellant's district manager's and Smith's statements that the teller photos appeared to them to be of appellant, appellant's own statement that the photos were of himself and his later retraction because the clothes in the photos were not like his clothing, and the polygraph examiner's statement that appellant showed deception when questioned; and that when Eaton, Heath and appellant met Hicks at his office, Eaton stated that appellant appeared to him to be the person in the photos and that Heath, erroneously, stated that appellant's name, before it was changed to his present name, was Robert X. Birdsong.

Actions for false arrest and malicious prosecution both require evidence of malice and lack of probable cause to obtain a verdict. OCGA §§ 51-7-1, 51-7-40. The remaining allegations depend upon the viability of these two principal allegations.

" 'The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independant decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution [cits.]; in the latter case there is not. [Cit.] It is clear, though, that the initiation of the criminal action need not be expressly directed by the party to be held liable. [Cits.]'

"The rule applicable in a situation such as that presented in this

case is stated in Prosser, Law of Torts, § 119 at 837 (4th ed. 1971). 'If the defendant . . . merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instigated the proceeding; but if it is found that his persuasion was the determining factor in inducing the officer's decision, or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable.' " *Melton v. LaCalamito*, 158 Ga. App. 820 (2), 822 (282 SE2d 393).

The evidence shows that appellees merely relayed to Hicks facts known to them and did not urge Hicks directly or indirectly to arrest appellant. They deny malice by affidavit. There is no evidence that the matters so relayed were known by defendants to be false and we find no evidence of malice in their conduct. Hicks' arrest of appellant was based not only on what appellees had given him but also on information he had discovered in his own investigation.

" 'Where, as in this case, there is no evidence whatever of any fraudulent conduct or improper motive on the part of the prosecutor, or of any other person dealing with the criminal prosecution, and it appears from the uncontradicted evidence that the accused was . . . subsequently indicted by the grand jury investigating it, and that there were some slight circumstances pointing to his guilt, though not enough to exclude every other reasonable hypothesis, a finding that the prosecution was malicious is without any evidence to support it. [Cit.] In such a case the direction of a verdict for the defendant would be in order. [Cits.]' " *Brown v. Scott*, 151 Ga. App. 366 (3), 369 (259 SE2d 642).

There being no evidence to contradict appellees' evidence that their actions were in good faith and not malicious, the trial court did not err in granting summary judgment. OCGA § 9-11-56 (c). Compare, *Corbin v. First Nat. Bank*, 151 Ga. App. 33 (2) (258 SE2d 697).

*Judgment affirmed. Carley and Sognier, JJ., concur. Birdsong, J., disqualified.*

DECIDED APRIL 6, 1984 —
REHEARING DENIED MAY 18, 1984.

*William D. Smith, Robert M. Goldberg,* for appellant.
*Gail C. Flake, Walter B. McClelland, Alan B. Kyman,* for appellees.