## 68075. WALLACE v. THE STATE.

DECIDED APRIL 11, 1984.

*E. Byron Smith, District Attorney,* for appellee.

## 68058. W. L. N. v. STATE OF GEORGIA.

POPE, Judge.
Appellant-juvenile appeals from the juvenile court's adjudication of delinquency based on charges of criminal trespass.

1. Appellant raises the general grounds. The petition upon which the juvenile court's adjudication is based alleged that appellant committed two delinquent acts of criminal trespass when on May 18, 1983 he knowingly and without authority (1) entered upon the land and

premises of Peachtree Place North Apartments after receiving notice prior to such entry from properly authorized representatives of the owner that such entry was forbidden; and (2) remained upon the land and premises of Peachtree Place North Apartments after receiving notice to depart from properly authorized representatives of the owner.

Although in dispute, the evidence was sufficient to support the juvenile court's order finding that appellant had committed two acts of criminal trespass. The following was adduced at the hearing: Appellant and his family were tenants at Peachtree Place North Apartments (hereafter "the complex") until they were requested by the management to move based in part upon property damage to the complex grounds allegedly caused by appellant. Between the date the family moved, March 10, 1983, and May 18, 1983 appellant returned regularly to the complex. By appellant's own admission, at least once a week he was verbally notified by the apartment owners' authorized representatives that he was not allowed to be on the premises of the complex.

Under the facts of this case, appellant's entry upon the premises of the complex on May 18, 1983, after prior warning by duly authorized personnel, is sufficient to constitute an act of criminal trespass. OCGA § 16-7-21 (b) provides in pertinent part: "A person commits the offense of criminal trespass when he knowingly and without authority: . . . (2) Enters upon the land or premises of another person . . . after receiving, prior to such entry, notice from . . . [a properly identified] authorized representative of the owner . . . that such entry is forbidden. . . ." Further, the evidence clearly showed that on May 18, 1983 appellant remained upon the premises after being previously told that he was forbidden to be there. On that date appellant's bicycle was parked on a landscaped area of the complex while he played ball with other boys, some of whom resided at the complex. A maintenance supervisor impounded the bicycles and again instructed appellant that he was not to be on the premises of the complex, whereupon appellant retrieved his bicycle and rode away to a parking lot in another area of the complex, remaining upon the premises and failing to leave. OCGA § 16-7-21 (b) (3) delineates another aspect of the offense of criminal trespass committed by knowingly and without authority "[remaining] upon the land or premises of another person . . . after receiving notice from . . . [a properly identified] authorized representative of the owner . . . to depart." "Criminal trespass is . . . a location crime and its purpose is to keep the defendant off the property of others." *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518) (1975). The evidence of record is sufficient to support the adjudication of appellant as a delinquent based upon his violation of OCGA § 16-7-21 (b) (2) and (3). See generally *B. L. v. State of Georgia*, 156

Ga. App. 14 (274 SE2d 67) (1980).

2. Appellant claims that as the invitee of a tenant of the complex the landlord's representatives had no authority to forbid his entry upon or to order his departure from the premises. In support of this argument, appellant relies upon *Anthony v. Chicopee Mfg. Corp.*, 168 Ga. 400 (147 SE 887) (1929), and *Mitchell v. State*, 12 Ga. App. 557 (2) (77 SE 889) (1913). These cases are cited for the proposition that the landlord is without authority to restrict either the tenant or his invitee in his way of ingress or egress to the residence of the tenant so long as such travel is for lawful business and the rights of the landlord are not infringed upon. The cited cases are, however, not applicable to the factual posture of the present case. Although appellant presented testimony to show that on May 18, 1983 his entry upon the complex premises was for the purpose of purchasing candy from a tenant for resale at school, the state produced evidence to show that, at the very least, appellant exceeded the scope of permissible entry by deviating from the way of ingress and egress to enter upon the landscaped areas to play ball. See *Horsely v. State*, 16 Ga. App. 136 (2) (84 SE 600) (1915). Further, when told to depart, appellant left the landscaped area riding to a parking lot in another area of the complex and circling there, refusing to leave. Moreover, the state also showed that on numerous occasions after appellant's family had moved from the complex and after appellant had been warned not to enter, appellant was observed by complex officials and personnel riding, sometimes aimlessly, through the complex premises unaccompanied by residents of the complex. There is, thus, no merit to appellant's assertion of error on this ground.

3. Appellant contends that the state failed to show that he acted with criminal intent sufficient to prove criminal trespass. We disagree. The evidence shows appellant's own admission of repeated warnings by duly authorized officials and personnel. His unauthorized entry upon the common areas of the premises and subsequent refusal to depart are evidence of such intent under the facts of this case. See generally *Rayburn v. State*, 250 Ga. 657 (300 SE2d 499) (1983); *State v. Raybon*, 242 Ga. 858 (252 SE2d 417) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 11, 1984.

*Richard E. Collar, Jr., Alan B. Gordon*, for appellant.
*Robert Nesmith, Solicitor, Jonath A. Morrow, Assistant Solicitor*, for appellee.