A92A1209. PARKS et al. v. NORRED & ASSOCIATES, INC.
(426 SE2d 12)

ANDREWS, Judge.

This appeal is from the trial court's grant of partial summary judgment to Norred & Associates, Inc. (Norred) on appellants' claim for malicious prosecution. This procedurally complex case has appeared before this court in *Peek v. State,* 189 Ga. App. 584 (377 SE2d 8) (1988) and in *Jordan v. State,* 194 Ga. App. 415 (390 SE2d 614) (1990).[1]

The facts relevant to the appearance of this case are as follows: Appellants, Joe Johnson, Brenda Echols, Dolly Jordan, Sherri Kazeem, Mary Peek and Musie Haregewoyn were employees of United Parking, working in various job capacities at parking lots operated by United Parking in October and November 1985. United Parking sus-

[1] In *Peek,* this court reversed the trial court's denial of Peek's motion to dismiss with regard to appellant Mary Peek and determined that her motion for acquittal should have been granted because the State had not heard her criminal case within two terms. After *Peek,* the remaining appellants then filed a renewed motion for acquittal, which was denied and which appellants appealed in *Jordan v. State,* supra.

pected that various employees were stealing and hired Norred, a security and investigative firm, to investigate. After varying periods of interrogation, each appellant signed a statement admitting to theft; these statements are included in the record before us. The complaint alleges that the statements were untrue and were coerced from the appellants. After signing the statements, the appellants were terminated from employment at United Parking.

Criminal warrants for theft by taking were taken out against the appellants in November 1985. A hearing was held (the lengthy transcript is in the record before us) and the cases were bound over for prosecution in State court. On March 17, 1987, accusations against the appellants were drawn for theft by taking. Appellants filed a motion to dismiss the accusations based on their contention that their statements had been obtained fraudulently. On June 16, 1989, the trial court denied the motion, and stated that "subsequent to [a] full blown pretrial hearing and evidence presented by both State and Defendants, said Motion is denied as the Court found there was probable cause for bringing the accusations." On July 12, 1990, the solicitor placed each criminal accusation on the dead docket due to insufficient evidence due to the age of the matter.

Appellants originally filed this civil action on October 29, 1987, and dismissed the case without prejudice on May 11, 1990. On October 17, 1990, appellants refiled this complaint. In pertinent part, the complaint alleges that the actions against appellants were instituted maliciously and without probable cause and that the criminal prosecutions against each of them terminated in their favor.

On September 10, 1991, Norred filed a motion for partial summary judgment. The trial court granted the motion, finding that two necessary elements were missing from this case. First, the trial court determined that the dead docketing of the criminal actions was not a "favorable termination," as required in a malicious prosecution suit. Secondly, the trial court determined that there was no absence of probable cause.

First, although appellants originally claimed that summary judgment was improperly granted with respect to appellant John C. Parks, who died in December 1985, they now concede that a claim for malicious prosecution cannot be brought on his behalf and accordingly, we affirm the trial court's order with regard to John Parks.

In their three enumerations of error, appellants contend that the trial court erred in determining that there had been no termination of the criminal prosecutions, in determining that the prosecutions were based upon probable cause, and in dismissing the malicious prosecution claim with prejudice. We find that the case can be resolved by addressing the issue of probable cause. "The overriding question in actions for malicious prosecution is not whether the plaintiff was

guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. . . . This burden is not carried in any reasonable sense unless the plaintiff . . . shows that under the facts as they appeared to the prosecutor at the time of the prosecution, that the defendant . . . could have had no reasonable grounds for believing the plaintiff to be guilty of the charge brought. *Fisher v. Kentucky Fried Chicken*, 175 Ga. App. 542, 545 (333 SE2d 877) (1985). Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. OCGA § 51-7-43." (Punctuation omitted.) *Monroe v. Sigler*, 256 Ga. 759 (1), 760 (353 SE2d 23) (1987).

In *Monroe*, supra, the Supreme Court defined the issue before it as "whether a judicial determination of probable cause made in the course of a criminal prosecution can establish, as a matter of law and for purposes of summary judgment, the existence of probable cause in a civil action for malicious prosecution." The court reversed the denial of defendant's motion for summary judgment based on the fact that probable cause was established by the denial of the defendant's motion for a directed verdict of acquittal. Contrary to appellants' assertions, we do not interpret *Monroe* as holding that *only* in cases in which a directed verdict of acquittal has been denied can there be a finding of probable cause in a subsequent malicious prosecution case. *Monroe* simply held that there is a conclusive showing of probable cause established by the denial of a motion for a verdict of acquittal. *Monroe* does not preclude a finding of probable cause in other factual contexts. See, e.g., *Day Realty Assoc. v. McMillan*, 247 Ga. 561 (277 SE2d 663) (1981); see generally OCGA § 51-7-43.

In fact, the *Monroe* court stated: "[a]t an ex-parte hearing . . . [t]he magistrate issued a warrant for Sigler's arrest, finding that probable cause existed to charge Sigler with the crime of simple battery. A second magistrate held a preliminary hearing six days later, at which Sigler appeared and gave testimony. This magistrate bound Sigler over for trial, also finding that probable cause existed for the issuance of the arrest warrant. The judicial determinations of the magistrates were based on probable cause. Each found the existence of that factum, the absence of which is an essential element of an action for malicious prosecution. *'The action of a magistrate in binding over the accused on a criminal warrant is prima facie, but not conclusive, evidence of probable cause for such prosecution.'* (Emphasis supplied.) *Darnell v. Shirley*, 31 Ga. App. 764 (7) (122 SE 252) (1924). See also *Coxon v. Lady Jane Shop*, 169 Ga. App. 959 (1) (315 SE2d 681) (1984)." *Monroe*, supra at 760.

Here, Norred presented prima facie evidence that probable cause

existed based on the magistrate's and trial court's determination. Unlike *Monroe*, this was not conclusive evidence that probable cause existed. Nevertheless, once this prima facie evidence of probable cause was presented, an essential element of appellants' case was pierced and it was incumbent upon appellants to present evidence to rebut it. See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In the analogous context of indictments, this court stated: " '[t]he grand jury's return of the indictment against the plaintiff is prima facie but not conclusive evidence that probable cause existed for the prosecution.' [Cit.] Thus, the burden shifted to the appellee to come forward with specific facts tending to show that probable cause did not exist for his arrest and that the charges against him were instead motivated by malice." *Sears Co. v. Weddington*, 197 Ga. App. 52, 53 (397 SE2d 471) (1990). In this case, as in *Weddington*, appellants have failed to present evidence to support their claims that the prosecution was motivated by malice. Accordingly, the trial court properly granted Norred's motion for partial summary judgment. Because of our conclusion with respect to this contention we need not address appellants' additional arguments.

Our conclusion that summary judgment was proper also applies to Mary Peek, since her acquittal by this court was not based on the absence of probable cause, but on the trial court's violation of the two-term rule. That Peeks was acquitted because of this procedural aspect of the case is not inconsistent with a finding of probable cause. See generally *J. C. Penney Co. v. Miller*, 182 Ga. App. 64, 65 (1) (354 SE2d 682) (1987).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 9, 1992 —
RECONSIDERATION DENIED NOVEMBER 30, 1992 ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Louis K. Polonsky, Jane E. Strell*, for appellants.
*Fortson & White, Williston C. White, Matthew G. Moffett*, for appellee.