A94A1093. SMITH et al. v. TRUST COMPANY BANK et al.
(450 SE2d 866)

POPE, Chief Judge.

Plaintiff Curtis Smith brought suit against his former employer, defendant Genuine Parts Company, d/b/a Rayloc (Rayloc), and defendant Trust Company Bank (Trust Company), alleging malicious prosecution, false arrest, libel, slander and negligence. Additionally, plaintiff's wife, Carrie Smith, asserted a claim for loss of consortium. The trial court granted defendants' motions for summary judgment on all claims, and plaintiff and his wife appeal.

On or about February 26, 1991, Trust Company was notified by account holder Robert Lee Smith, an employee of Rayloc, that an unidentified person had forged his signature and cashed his Rayloc paycheck. Upon preliminary investigation, Trust Company identified the check in question and obtained surveillance photographs which it believed were taken at the time the forged check was cashed. These photographs, along with canceled checks and the teller tape for February 21, 1991, indicated that on said date three Rayloc paychecks were cashed within approximately a ninety-seven second period. Specifically, a check made out to Richard Lewis Hines and endorsed by Hines and plaintiff was date-stamped as being cashed at 12:09 p.m. Plaintiff's paycheck was date-stamped at 12:11 p.m. and was endorsed by plaintiff. The forged check also was date-stamped at 12:11 p.m. and contained only the forged signature of Robert Lee Smith. The record shows that these checks also were marked on the back by the

bank teller who had cashed them with a number indicating the sequence in which they were presented.

All of the above information was given to Trust Company's security department where it was assigned to one of the bank's investigators, Gene Sorrells. According to Sorrells, he contacted Rayloc's manager and was told that the manager believed that a Rayloc employee must have perpetrated the theft and forgery of the check in question. Upon review of the surveillance photographs, Sorrells determined that there was approximately a five-minute discrepancy between the precise time the forged check was cashed and the time printed on the photographs themselves. However, upon review of the photographs in their correct time sequence it is undisputed that Sorrells came to the conclusion that one of two men pictured at the time the check was presented was the perpetrator. The record shows that Sorrells asked the teller who cashed the check if she could identify either of the two men. The teller was only able to identify plaintiff, whom she said she recognized as a Rayloc employee. Moreover, the bank teller informed Sorrells that she would not have cashed a Rayloc paycheck for an individual who was not the named payee unless she personally knew the individual cashing the check was an employee of Rayloc. The record also shows that during his investigation Sorrells met with at least two Rayloc management employees, who also identified plaintiff as a Rayloc employee. Sorrells testified that at this point he believed he had conducted as thorough an investigation as he could as a bank employee, and that any further investigation required the participation of law enforcement personnel.

On March 26, 1991, Sorrells filed a report with Detective Brumbelow of the Atlanta Police Department and provided Brumbelow with the results of the bank's investigation. The record shows that Brumbelow, a 30-year police veteran, reviewed the information and discussed the matter with Sorrells, and then decided that there was sufficient information to issue an arrest warrant. Brumbelow testified that the decision as to whether to seek an arrest warrant rested with the Atlanta Police Department, and that having determined that probable cause existed, he sought and obtained a warrant for plaintiff's arrest from the Atlanta Municipal Court.

Shortly after obtaining the warrant, Brumbelow, Sorrells and several Rayloc management employees met with plaintiff in a closed office at the Rayloc warehouse. Plaintiff was questioned about the incident and denied having forged and cashed Robert Smith's paycheck. Plaintiff also claims that during the questioning he informed Brumbelow and Sorrells that the man behind him in the photographs also was a Rayloc employee and that they should investigate him. It is undisputed that after plaintiff was questioned he was arrested by Detective Brumbelow. Plaintiff was read his rights, handcuffed and

taken out of the office to Brumbelow's police car. The record also shows that plaintiff was fired by Rayloc after being arrested.

It is undisputed that on April 3, 1991, plaintiff and his attorney waived plaintiff's right to a preliminary probable cause hearing. It also is undisputed that plaintiff was indicted on the charge of forgery in the first degree on May 3, 1991. On October 28, 1991, the district attorney nolle prossed the case, dismissing the charges against plaintiff. Approximately one year later, on October 27, 1992, plaintiff and his wife filed suit against Trust Company and Rayloc. Trust Company and Rayloc both filed motions for summary judgment and on November 1, 1993, the trial court granted their motions.

1. In their first enumeration plaintiff and his wife argue that the trial court erred in granting summary judgment to Trust Company and Rayloc as to the false arrest and malicious prosecution claims. Specifically, they contend that there are genuine issues of material fact regarding the existence of malice and lack of probable cause in this case. We disagree.

"Actions for false arrest and malicious prosecution both require evidence of malice and lack of probable cause to obtain a verdict. OCGA §§ 51-7-1, 51-7-40." *El-Amin v. Trust Co. Bank*, 171 Ga. App. 35, 37 (318 SE2d 655) (1984). "Probable cause is absent when the circumstances would satisfy a reasonable person that the accuser had no ground for proceeding except a desire to injure the accused." (Citation and punctuation omitted.) *Garmon v. Warehouse Groceries Food Center*, 207 Ga. App. 89, 92 (2) (427 SE2d 308) (1993). "Generally, lack of probable cause shall be a question for the jury, under the direction of the court. OCGA § 51-7-43. But, what facts and circumstances amount to probable cause is a pure question of law." (Citation and punctuation omitted.) *Barber v. H & H Muller Enterprises*, 197 Ga. App. 126, 129 (2) (b) (397 SE2d 563) (1990). In determining whether probable cause existed in this case, "the question is, not whether [plaintiff] was guilty, but whether [defendants] had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind of [defendants] a *reasonable belief* that there was probable cause for the [arrest and] prosecution. Probable cause is defined to be the existence of such facts and circumstances as would excite the *belief* in a reasonable mind, that the person charged was guilty of the crime for which he was [arrested and] prosecuted." (Citation and punctuation omitted; emphasis in original.) *McQueary v. Atlanta Airlines Terminal Corp.*, 198 Ga. App. 318, 319 (1) (401 SE2d 333) (1991).

Upon review of the record in this case, we conclude that there was probable cause to believe that plaintiff was guilty of the crime for which he was arrested. The fact plaintiff waived his preliminary hearing and the fact that he was subsequently indicted by a grand jury is

prima facie evidence of the existence of probable cause. See *Garmon*, 207 Ga. App. at 93; see *Parks v. Norred & Assoc.*, 206 Ga. App. 494, 497 (426 SE2d 12) (1992). Although such evidence is not conclusive, it does shift the burden to plaintiff "to come forward with specific facts tending to show that probable cause did not exist for his arrest and that the charges against him were instead motivated by malice." *Parks*, 206 Ga. App. at 497. In this case, we conclude that plaintiff failed to meet this burden.

Additionally, the record evidence in this case clearly demonstrates the existence of probable cause. The investigation performed by Sorrells on behalf of Trust Company showed that plaintiff was in the bank at the time the forged check was cashed. Plaintiff's check, the check plaintiff cashed for Mr. Hines and the forged check all were cashed within a very short period of each other. Moreover, it is undisputed that the date-stamp on both plaintiff's paycheck and the forged check was 12:11 p.m. These checks all were cashed by the same teller and this teller was only able to identify plaintiff in the surveillance photographs Sorrells showed her. Additionally, the uncontroverted evidence shows that the teller specifically told Sorrells that she would not have cashed an endorsed Rayloc paycheck for a person that was not the named payee unless she personally knew that the person was a Rayloc employee. It is undisputed that plaintiff's identity as a Rayloc employee was corroborated by at least two Rayloc management employees prior to the time Sorrells went to the police. Such evidence would excite the belief in a reasonable mind that plaintiff was guilty of the crime for which he was arrested and subsequently indicted. Consequently, the trial court properly granted summary judgment to Trust Company and Rayloc as to the claims for false arrest and malicious prosecution.

2. In his second enumeration, plaintiff contends that the trial court erred in granting summary judgment to Trust Company and Rayloc as to plaintiff's claims of libel and slander. In addressing this enumeration, we note that there is no record evidence indicating that Trust Company or Rayloc ever directed or authorized any of their employees to slander plaintiff. It is well settled law in Georgia that "[t]he doctrine of respondeat superior does not apply in slander cases, and a corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff." (Citation omitted.) *Lepard v. Robb*, 201 Ga. App. 41, 42 (410 SE2d 160) (1991). Without evidence of such direction or authorization in this case, plaintiff's slander claim must fail. We also note that plaintiff has not cited to any specific written evidence of record that would support his claim of libel. Consequently, we conclude that the trial court properly granted summary judgment

to Trust Company and Rayloc on plaintiff's libel and slander claims.

3. In his final enumeration of error, plaintiff argues that the trial court improperly granted summary judgment to defendants as to plaintiff's claims of negligence. In this appeal, plaintiff contends that both Trust Company and Rayloc were negligent in the way they handled the investigation of the incident in question. Specifically, plaintiff claims that Trust Company and Rayloc were negligent in failing to further investigate the incident. Additionally, plaintiff contends that his arrest and prosecution resulted from Trust Company's negligence in cashing the forged check and Rayloc's negligence in not having adequate safeguards to prevent the theft of the check. We disagree.

As set forth in Division 1 of this opinion, Sorrell's investigation established the existence of probable cause in this case. As a result of the investigation, a reasonable mind would have believed that plaintiff was guilty of the crime for which he was arrested and prosecuted. Consequently, further investigation by Sorrells or Rayloc was not required and no duty allegedly owed to plaintiff was breached. Additionally, we conclude that neither Trust Company's cashing of the forged check nor Rayloc's alleged failure to take adequate steps to safeguard the check could be said to have had a reasonably close causal connection to plaintiff's arrest and subsequent prosecution. Plaintiff's arrest resulted from the finding of probable cause by Sorrells, Detective Brumbelow and a magistrate judge. Plaintiff's subsequent prosecution resulted from his waiver of the preliminary probable cause hearing, the district attorney's decision to present the case to a grand jury and the grand jury's decision to indict plaintiff. Thus, the trial court properly granted summary judgment to Trust Company and Rayloc as to all of plaintiff's negligence claims.

In light of the foregoing, we affirm the trial court's grant of summary judgment to Trust Company and Rayloc as to plaintiff's claims of false arrest, malicious prosecution, libel, slander and negligence. Based on the above, we also conclude that plaintiff's wife's claim for loss of consortium is meritless.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED DECEMBER 2, 1994.

*Lawrence E. Diamond,* for appellants.

*Kirwan, Goger, Chesin & Parks, P. Bruce Kirwan, Ed J. Novotny, Freeman & Hawkins, William H. Major III,* for appellees.