A95A0429. McGONAGIL et al. v. TREADWELL et al.
(456 SE2d 260)

BIRDSONG, Presiding Judge.

Appellants/plaintiffs Russell "Russ" John McGonagil and Ellen McGonagil appeal from the order of the trial court granting summary judgment to appellees/defendants Margarita and Robert Michael Treadwell; the trial court determined appellees had "probable cause" to cause an arrest warrant to issue. This litigation arises from appellees' swearing out a warrant for the arrest of appellant Russ McGonagil and the filing of a subsequent false arrest suit by him. The relevant facts are substantially as follows: In 1991, appellees' teenage son, Brian, began playing in a band with two young friends; the band consisted of two (electric) guitars and one set of drums. The boys wrote their own hard rock and heavy metal music; they practiced up to three hours per day and two or three days a week.

That same year the McGonagils moved next door. Thereafter, an incident occurred where appellant Russ McGonagil moved a lounge chair, which was in bad condition, belonging to and located on appellees' property without permission. Appellees called appellant who met with them and apologized; appellant did not move their chair again. Appellant testified by deposition that he was never told to keep off the appellees' property; however, appellee Margarita Treadwell testified by deposition that appellant was told, during the confrontation, to leave the premises and never return.

Certain neighbors had complained to other neighbors about the loud noise created by the band's practice and, at least once, a neighbor called the police. The music temporarily ceased but the boys resumed band practice in the summer of 1992. Before the date of his arrest, appellant Russ McGonagil personally had called the police three or four times to report the noise. On at least two occasions, ap-

pellee Margarita Treadwell confronted appellant Russ McGonagil and asked whether he had called the police; appellant testified that on one of these occasions Margarita Treadwell threatened to call the police any time appellant used his lawn mower.

In October 1992, an attorney wrote a letter on behalf of certain subdivision families, including appellants, contending the boys were in violation of a Cobb County noise ordinance and demanding such violations cease and desist. At approximately 10:15 p.m., on Wednesday, April 7, 1993, appellant Russ McGonagil went to bed; appellees Treadwell were in Florida on vacation. About 10:30 p.m., Russ McGonagil heard loud music coming from the Treadwells' home, so he went next door to complain. Although appellant McGonagil could see Brian and one of his friends upstairs giggling, no one answered the door when he repeatedly knocked for five to seven minutes. Finally appellant turned the front door knob, partially opened the door, and called to Brian to come downstairs and talk. The evidence is in conflict whether appellant actually entered appellees' house that evening. Appellant testified he did not enter; Brian testified that he did. Brian and his friend came down and, after conversing with appellant, agreed it was too late to be playing and apologized. Appellant testified he told the boys he would not take any further action, but stated if similar incidents occurred he would summon the authorities. Appellee Robert Treadwell testified that he was informed by the boys that appellant called Brian a coward and threatened court action; appellees do not claim physical threats were made. Appellee Margarita Treadwell received a phone call from Brian the night of the incident; Brian was upset and reported appellant called him a coward, called to him to come downstairs, and threatened to take the family to court. Brian also reported he had seen appellant in the foyer of appellees' home. Brian admitted to his mother that the boys had been playing music, and when someone started knocking on the door they stopped playing music and turned on the radio so the person would go away. Upon returning from vacation, appellees reported the incident to the police but swore out no arrest warrant.

Subsequent to this incident, the boys continued to play loud music; this upset several neighbors and not just appellants. As a result the police were called to the Treadwell home on various occasions. On June 4, 1993, neither of Brian's parents was home; Brian once again began to play music and appellant Russ McGonagil once more called the police. The investigating officer could hear the music from the street, and cited Brian for violation of the noise ordinance. Brian subsequently was found to have violated the noise ordinance in juvenile court. Shortly thereafter, appellees placed or lined up trash cans, rusty lawn chairs and/or a lounge chair, and cat feces approximately one foot from appellants' property line; appellant discovered

this situation on his return from vacation on June 14, 1993, and complained to the homeowner's association. Following investigation of the incident, the homeowner's association wrote appellees a letter informing them that they were in violation of the restrictive covenants of the subdivision properties.

About two days after appellees received the association's letter, appellee Robert Treadwell swore out a warrant, before the local magistrate, for appellant Russ McGonagil's arrest for criminal trespass. In that warrant, appellee asserted that on April 7, 1993, appellant McGonagil, without permission, had entered the Treadwells' residence and made threatening remarks to appellees' son and his teenage friend.

The arrest warrant was executed; Russ McGonagil was arrested at his home by the sheriff, removed in handcuffs, and taken to the county jail where he was fingerprinted, photographed, and required to post a cash bond. On September 30, 1993, the county solicitor filed an election not to prosecute on grounds of insufficient evidence. Robert Treadwell testified by way of deposition that prior to the swearing out of the arrest warrant, he talked with both Brian and his friend, James "Jamie" Harper, who basically confirmed what Brian had reported. When asked whether Jamie had stated he had seen appellant Russ McGonagil in the house, appellee testified, "I believe so." However, Jamie, who was with Brian the night of the confrontation at the Treadwells' house, testified by way of deposition that he was behind Brian coming downstairs and did not see appellant Russ McGonagil inside the house.

Appellee Robert Treadwell conceded in his deposition that the application for warrant was based entirely upon what "Brian and Jamie" had told about the incident. But he subsequently testified, without explanation, that he had followed closely and relied upon the police report of the incident in filling out the arrest application. Conversely, appellee Margarita Treadwell testified by way of deposition that Robert Treadwell had not talked with Jamie or his parents, and that no one, other than Brian, had given appellees any information that formed the basis for swearing out the arrest warrant. Margarita Treadwell also testified, as to her belief, that in seeking the arrest warrant appellees informed the magistrate they had told appellant Russ McGonagil, during the chair incident, to leave their property and not to come back.

Appellant Russ McGonagil brought suit against appellees for false arrest; his wife, Ellen McGonagil, subsequently asserted a loss of consortium claim. Appellees moved for summary judgment asserting they had probable cause to have Russ McGonagil arrested for criminal trespass, and that appellants therefore could not establish an essential element of their false arrest claim. The trial court granted

summary judgment for appellees. *Held*:

1. An action for false (malicious) arrest "is strictly guarded . . . it is never encouraged, except in plain cases; were it otherwise, ill consequences would ensue to the public, for no one would willingly undertake to vindicate a breach of the public law and to discharge his duty to society, with the prospect of an annoying suit staring him in the face." *Ventress v. Rosser*, 73 Ga. 534, 541 (3). Nevertheless, the applicable summary judgment standard when movant is defendant is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474); the party opposing a motion for summary judgment is to be given the benefit of all reasonable doubt and all favorable inferences that may be derived from the evidence produced with any doubt as to the existence of a substantial issue of fact being resolved against the movant (*Kelly v. Vargo*, 261 Ga. 422, 423 (1) (405 SE2d 36); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843)). Statements of fact in the briefs of the parties unsupported by evidence in the record cannot be considered on appeal (*Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223)); and, unless part of the res gestae, hearsay evidence has no probative value and cannot be considered in support of either the movant or the party opposing summary judgment (*Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2) (a) (397 SE2d 576)). Opinion testimony can preclude (but not support) a grant of summary judgment. See *Dickson v. Dickson*, 238 Ga. 672, 675 (4) (235 SE2d 479). Further, as to any inconsistent testimony of the parties which has not been adequately explained, the rules of *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383) and *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) apply.

2. The statutory elements of false arrest are promulgated in OCGA § 51-7-1, and require, inter alia, that the arrest be made maliciously (see generally OCGA § 51-7-2) and without probable cause. "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Lack of probable cause shall be a question for the jury, under the direction of the court." OCGA § 51-7-3.

The trial court concluded appellees had probable cause to cause an arrest warrant to issue against appellant Russ McGonagil for criminal trespass. The offense of criminal trespass, which is legally distinguishable from civil trespass, is promulgated in OCGA § 16-7-21. As a criminal statute, OCGA § 16-7-21 is subject to strict construction. See *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36).

The "probable cause" requirement for malicious prosecution or false arrest is the same. Compare *Smith v. Trust Co. Bank*, 215 Ga. App. 413, 415 (1) (450 SE2d 866). In determining whether probable cause existed, the question is, not whether plaintiff was guilty, but

whether defendants had reasonable cause to so believe — whether the circumstances were such as to create in the minds of defendants a reasonable belief that there was probable cause for the arrest or prosecution. Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, that the person charged was guilty of the crime for which he was arrested or prosecuted. Id.; see *Jones v. Parrish*, 203 Ga. App. 566, 568 (1) (417 SE2d 210). While probable cause need not approach absolute certainty as to the facts, and it is not inconsistent with a considerable element of doubt, it must be more than mere conjecture or unfounded suspicion. Beyond this, the belief must be supported by appearances known to the defendant at the time, and an arrest or prosecution instituted without probable cause cannot be justified by anything, short of guilt in fact, which comes to the knowledge of the defendant later. Id. " ' "The appearances must be such as to lead a reasonable man to set the criminal proceeding in motion. The defendant is not necessarily required to verify his information, where it appears to be reliable; but where a reasonable man would investigate further before beginning the prosecution [or swearing out an arrest warrant], he may be liable for failure to do so. All such factors as the reliability of the source, the availability of further information and the difficulty of obtaining it, the reputation of the accused, and his opportunity to offer an explanation, and the apparent necessity of prompt action, are to be considered in determining whether it was reasonable to act without verification." ' " (Emphasis omitted.) Id.

Under the facts of this case, we find that the trial court erred in failing to submit the issue of probable cause to the jury in accordance with the general rule promulgated in OCGA § 51-7-3. Genuine issues of material fact exist, inter alia: (1) whether appellant Russ McGonagil previously had been given notice by appellees to leave their property and not come back; (2) whether appellant Russ McGonagil entered upon appellees' premises for a lawful or unlawful purpose (unless given previous notice not to enter the premises, a person can enter another's premises peaceably for the lawful purpose of reporting a claim of nuisance and to request that it be voluntarily abated); and (3) a genuine issue of material fact exists whether appellant Russ McGonagil actually entered the foyer of appellees' home (or whether he merely opened the unlocked door and called upstairs). The jury's determination of these issues in favor of appellants would authorize it also to find probable cause lacking for the arrest. The trial court erred in granting appellees' motion for summary judgment.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 10, 1995 —
RECONSIDERATION DENIED MARCH 24, 1995 —

*Schreeder, Wheeler & Flint, Timothy C. Batten,* for appellants.
*Brewer & Associates, Deedra M. Brewer, Jason A. Golden,* for appellees.