A95A1622, A95A1880. ARBEE v. COLLINS et al. (two cases).

(463 SE2d 922)

ANDREWS, Judge.

Collins, acting as an agent and employee of Merry Land & Investment Company, Inc. which owned and operated Marsh Cove Apartments, arrested, detained and prosecuted Arbee for criminal trespass on Marsh Cove property. After a nolle prosequi was entered on the criminal charge, Arbee sued Collins and Merry Land & Investment for malicious prosecution and false imprisonment. Arbee brings these appeals from the trial court's grant of summary judgment against him on the malicious prosecution claim in Case No. A95A1622 and on the false imprisonment claim in Case No. A95A1880.

Prior to the day of the arrest, Collins had notified Arbee, who was not a resident of Marsh Cove, that because of complaints by residents about his conduct while on the premises, he was forbidden to enter upon Marsh Cove property. See OCGA § 16-7-21 (b) (2). Subsequently, Collins saw Arbee on Marsh Cove property near the entrance to the apartments on a common area road which provided ingress and egress to the apartments. Arbee had entered on Marsh Cove property that day as the invited guest of Lineback, a Marsh Cove resident, who was walking with Arbee from his apartment toward the entrance to the apartment property. After Collins reminded Arbee that he had been notified not to enter on the premises, Collins went to the manager's office located at the apartments to report Arbee's presence on the property. While Collins was in the manager's office, Arbee accompanied by Lineback walked away from the apartment entrance toward the manager's office. Arbee was arrested and detained by Collins for criminal trespass when he reached the manager's office.

After he was arrested and detained for a short period at the apartments, police arrived, and Arbee was taken to jail where he was detained for about 24 hours. At a subsequent preliminary hearing, the recorders court judge found probable cause and bound the criminal trespass charge over to state court. The state court later approved a nolle prosequi of the charge.

In three enumerations of error, Arbee claims the trial court erroneously granted summary judgment against him in both cases because there was no lawful basis or probable cause for the arrest and prosecution. Specifically, he claims that: (1) he was lawfully on the premises as an invited guest of a Marsh Cove resident; (2) he lacked the requisite mental intent to commit criminal trespass because an attorney advised him he had a right to be on the property; and (3) a Marsh Cove employee gave him permission to be on the property. Arbee has abandoned the second and third enumerations of error by failing to support those claims by argument or by citation to the record or authority. Court of Appeals Rule 27 (c) (2), (3). Accordingly, we address only the first enumeration of error.

1. The trial court properly granted summary judgment in favor of the defendants on the malicious prosecution claim in Case No. A95A1622.

A malicious prosecution claim must be supported by evidence showing that the prosecution was carried on without any probable cause and by evidence that it was carried on maliciously. *K-Mart Corp. v. Coker*, 261 Ga. 745, 746 (410 SE2d 425) (1991); *El-Amin v. Trust Co. Bank*, 171 Ga. App. 35, 37 (318 SE2d 655) (1984); OCGA § 51-7-40. "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-43. Malice may be inferred from a total lack of probable cause. OCGA § 51-7-44. The existence of probable cause is a jury question where the facts regarding probable cause are disputed and a question of law for the court when the relevant facts are undisputed. OCGA § 51-7-43; *K-Mart Corp.*, supra at 746. Although a judge's determination of probable cause at a preliminary hearing on the criminal charge is not conclusive, it is prima facie evidence of probable cause which shifts the burden to the plaintiff to produce evidence that probable cause did not exist for his arrest and prosecution and that the charge against him was motivated by malice. *Smith v. Trust Co. Bank*, 215 Ga. App. 413, 416 (450 SE2d 866) (1994).

An accused violates the criminal trespass provisions of OCGA § 16-7-21 (b) (2) by entering or remaining upon the premises of another with knowledge that he has been given notice that his presence is forbidden. However, a recognized defense to such a charge is that the accused entered or remained upon the property under a right granted by a tenant in possession of the property. "In the absence of a special contract, the landlord has no right to forbid a person to go upon the premises in the possession of a tenant, by the latter's permission and for a lawful purpose." *Mitchell v. State*, 12 Ga. App. 557, 559-560 (77 SE 889) (1913); *Horsely v. State*, 16 Ga. App. 136, 141-143 (84 SE 600) (1915). The tenant's invitation to a third party car-

ries with it the same rights enjoyed by the tenant to ingress and egress to the rented premises to the extent such ingress and egress are necessary to the purpose of the invitation. *Anthony v. Chicopee Mfg. Corp. &c.*, 168 Ga. 400, 404 (147 SE 887) (1929); *W. L. N. v. State of Ga.*, 170 Ga. App. 689, 691 (318 SE2d 80) (1984). It follows that the invitation also carries with it the same rights enjoyed by the tenant to common areas in a multi-dwelling apartment complex to the extent the use of such common areas is connected to the purpose of the invitation. See Restatement of the Law, Torts 2d, § 189.[1] A landlord who arrests and prosecutes a person for trespass without inquiring as to whether the person had a right to be on the premises pursuant to invitation by a tenant does so at his own risk. *Ellis v. Knowles*, 90 Ga. App. 40, 42 (81 SE2d 884) (1954).

Here, the facts relating to the existence of probable cause on the criminal trespass charge are undisputed, so the question is one of law. Arbee knew prior to the day of his entry upon the Marsh Cove property that he had been notified not to enter the premises. He produced evidence that he was invited by Lineback to visit Lineback at his father's apartment, that he entered Marsh Cove property for that purpose, and that after visiting Lineback at the apartment, he and Lineback were leaving the property when they saw Collins near the entrance to the apartments. After Collins reminded Arbee that he had been notified not to enter the premises, and Collins left without taking any action, Arbee then proceeded away from the exit and remained on Marsh Cove property for the purpose of going to the manager's office "to see what was going on." The arrest occurred after he arrived at the manager's office.

It is unclear from the record where the manager's office was located on the Marsh Cove property and whether the road adjacent to it or the area around it where Arbee was arrested was a common area of the apartment complex accessible to all tenants. Even assuming that Arbee was arrested in a common area of the apartment complex, there was evidence demonstrating the existence of probable cause. We agree with the trial court's conclusion that when Arbee proceeded to the manager's office "to see what was going on" this was evidence he deviated from the purpose for which he was invited on the property and entered upon a portion of the premises unrelated to the invitation. A tenant's guest may not proceed at will to a part of the prem-

---

[1] Comment c. to § 189 of the Restatement makes clear that the rights of third persons entering the premises by invitation of the tenant are also "subject to the terms of the lease, and may be increased or diminished by express or implied agreement. It is also subject to the right of the landlord to make reasonable regulations concerning entry upon or use of the portions of the premises retained within his control, for the protection of the premises themselves or of other tenants."

ises wholly disconnected to the purpose of the invitation and use the invitation as a defense to a charge of criminal trespass. Evidence that Lineback merely accompanied Arbee to the manager's office is insufficient to show that Arbee took this action pursuant to the invitation from Lineback.

Arbee failed to rebut the defendant's prima facie showing of probable cause by coming forward with specific facts showing the lack of probable cause and the existence of malice. *Smith*, supra at 416. Under the evidence presented, a reasonably prudent person would believe they had probable cause to prosecute Arbee for the offense of criminal trespass. See *K-Mart Corp.*, supra at 747. Moreover, although Arbee alleged that his arrest and prosecution were racially motivated, there is no evidence in the record to support this contention and no other evidence of malice. Accordingly, the trial court properly granted summary judgment in favor of the defendants on the malicious prosecution claim. *Parks v. Norred & Assoc.*, 206 Ga. App. 494, 496-497 (426 SE2d 12) (1992).

2. The trial court also properly granted summary judgment in favor of the defendants on the claim of false imprisonment in Case No. A95A1880.

The undisputed evidence shows that, pursuant to his employment duties, Collins detained Arbee after making a warrantless arrest. "False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." OCGA § 51-7-20. The essential elements of the offense are the arrest or detention and the unlawfulness thereof. *Scott Housing Systems v. Hickox*, 174 Ga. App. 23, 24 (329 SE2d 154) (1985). The existence of probable cause standing alone is not a complete defense in a false imprisonment case because, even if probable cause to believe a crime has been committed exists, a warrantless arrest would still be illegal unless it was accomplished pursuant to one of the "exigent circumstances" applicable to law enforcement officers enumerated in OCGA § 17-4-20 (a) or applicable to private persons as set forth in OCGA § 17-4-60. *Haile v. Pittman*, 194 Ga. App. 105, 106 (389 SE2d 564) (1989). Thus, the defense of a warrantless arrest in a false imprisonment case must show that the arrest was made on probable cause and pursuant to the appropriate exigent circumstances. *Collins v. Sadlo*, 167 Ga. App. 317, 319-320 (306 SE2d 390) (1983).

Arbee's only claim on appeal is that the arrest and detention were made without probable cause. Since we determined in Division 1 that probable cause existed, the trial court properly granted summary judgment on this claim.

*Judgments affirmed. Beasley, C. J., Birdsong, P. J., Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., Pope, P. J., and Ruffin, J., dissent.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent in these cases. Defendants' joint answer admitted the allegations contained in paragraph 7 of the complaint, to wit: "On May 1, 1993, Plaintiff was on the roadway leading into Defendant's apartment complex, Marsh Cove Plantation as the invited guest of Brian Lineback." Brian Lineback's parents live in Marsh Cove Plantation. Maurice Collins, acting as the agent for and employee of defendant Merry Land & Investment Company, Inc., inquired of Dee Adams, the property manager, whether she had allowed plaintiff back on the property but failed to inquire of Brian Lineback whether plaintiff was still his guest. Rather, as plaintiff was walking up the street to the office with Brian Lineback two to three yards behind, defendant Maurice Collins stepped out of the office, "advised [plaintiff] that he was under arrest for criminal trespass[, . . . and] placed the handcuffs on him." In spite of knowing that plaintiff was the invited guest of Brian Lineback, Maurice Collins believed he had witnessed the misdemeanor of criminal trespass simply because he had advised plaintiff "not to come back on the property, and he did come back."

In light of this admission, it is my view that the majority has misapplied the controlling case of *Ellis v. Knowles*, 90 Ga. App. 40, 42 (2) (81 SE2d 884). In *Ellis*, this Court affirmed the overruling of the defendant landlords' general demurrer and held that "[i]t was not necessary for the plaintiff to allege that the defendants *actually* knew that the plaintiff had been invited on the premises by the tenants. If the defendants sought to eject the plaintiff or to prosecute him for trespass *without inquiring* as to the plaintiff's right to be on the premises, they did so at their own risk." (Emphasis supplied.) Id. Where a reasonable man would investigate further before instigating a prosecution or making an arrest, he may be liable for failure to do so. *McGonagil v. Treadwell*, 216 Ga. App. 850, 853 (2), 854 (456 SE2d 260). In the cases sub judice, the admitted circumstances surrounding Maurice Collins' intentional acts are themselves sufficient to rebut any prima facie case of probable cause established by the act of the recorder in binding plaintiff over on the charge of misdemeanor trespass. The jury should determine whether it was reasonable for Maurice Collins to act on the information of Dee Adams that she had *not* readmitted plaintiff to the property (as contended by plaintiff) without also inquiring of Brian Lineback whether the teenager was still the guest of the tenant's son. As the majority would affirm the grant of summary judgment, I respectfully dissent.

I am authorized to state that Presiding Judge Pope and Judge Ruffin join in this dissent.

DECIDED NOVEMBER 9, 1995 — 

*Harris O'Dell, Jr.,* for appellant.

*Karsman, Brooks & Callaway, Stanley Karsman, Tracie G. Smith,* for appellees.